Per Curiam.

The bond on which this action is founded was made to William Morley, the father of the plaintiff; and t is admitted that he has deceased, and that a person other than the plaintiff has been appointed administrator on his estate.
*562 This is an action of debt, for the penalty of the bond ; it is strictly a legal action, and brought to .enforce a legal right. The penalty is one entire thing, and can only be claimed by the obligee or his legal representative. We think it very clear that the action cannot be maintained by the plaintiff. Cases of assumpsit, where a legal liability raises an implied promise, do not apply. This arises from specialty, depends upon express obligation, and, by force of the bond, the legal right vests exclusively in the legal representative of the obligee, upon his decease.
Whether, in equity, the condition of this bond may be deemed an agreement in which this plaintiff has a beneficial interest, for the specific performance of which she may have a remedy in equity ; or, whether she stands in the relation of one having a beneficial interest in a legal contract, which she would be protected in enforcing by a suit at law, in the name of the administrator of the obligee, are questions upon which we give no opinion, and they are alluded to only in connexion with the suggestion, that the plaintiff would be wholly without remedy, if this action cannot be maintained. It may be so ; but if it were, although it would induce the Court to examine the proposed remedy with great care and with a disposition to favor it, still it would afford no ground for deciding that a legal remedy exists, where it is clearly opposed to settled rules of law.

Nonsuit to stand.