JOHN JOHNSON, JR. *vs.* PHINEHAS FOSTER, JR. and another.

A. and B. gave a bond to C., conditioned to pay C.'s debts: The holder of a promissory note, made by C. before the date of the bond, brought an action of assumpsit, on the money counts, against A. and B., to recover the amount of the note. *Held*, that the action could not be maintained.

ASSUMPSIT on the money counts, to recover the amount of two promissory notes, dated in 1840, signed by the father of the defendants, and payable to Eleanor Johnson, or order.

At the trial in the court of common pleas, before *Colby*, J. it appeared that the plaintiff, in April 1841, was duly appointed administrator of the estate of said Eleanor Johnson, and that these notes were appraised as part of her property; that he settled his final account, as such administrator, in January 1842, and indorsed said notes to himself, for the purpose of transferring the property therein to himself personally; having previously paid to said Eleanor's heirs at law all which they were entitled to receive from her estate.

The plaintiff gave in evidence a mortgage from the defendants to their father, dated October 2d 1843, and a bond from them, of the same date, conditioned to pay their father's debts. The attorney, who wrote the bond and mortgage, testified that when he wrote them, he had said notes in his office for collection, and had previously called upon Phinehas Foster, Jr. one of the defendants, to pay them; that said Phinehas came to his office and examined the notes, and was there told that the plaintiff would look to him for payment, as his father had divested himself of all his property; and that said Phinehas "made little or no answer."

The defendants relied upon the cancellation of said bond, by an indorsement thereon, made since the commencement of this action, by their father. They also gave in evidence a release from their father to them, dated March 15th 1845, and a new bond, bearing the same date with the other, and with a similar condition, but executed after this suit was commenced.

The judge instructed the jury that the foregoing evidence entitled the plaintiff to recover, and a verdict was returned for the plaintiff. To these instructions the defendants alleged exceptions.

*Perkins,* for the plaintiff. A promise by A. to pay B.'s debt to C. will support an action by C. against A. *Arnold* v. *Lyman,* and *Hall* v. *Marston,* 17 Mass. 400, 575. *Carnegie* v. *Morrison,* 2 Met. 401. *Felton* v. *Dickinson,* 10 Mass. 287. See also *Miller* v. *Miller,* 7 Pick. 136. *Floyd* v. *Day,* 3 Mass. 403. *Randall* v. *Rich,* 11 Mass. 494. *Ainslie* v. *Wilson,* 7 Cow. 662.

*Foster,* for the defendants. The bond, though made for the plaintiff's benefit, is between other parties; and in case of specialties, the suit must be in the name of the party to the engagement, though it is otherwise in case of a simple contract. The cases cited for the plaintiff are therefore inapplicable. The bond raises no implied agreement in favor of the plaintiff, on which he can maintain an action. No consideration moved from the plaintiff for any agreement of the defendants to pay him. *Rolls* v. *Yate,* Yelv. 177 & note. *Banorgee* v. *Hovey,* 5 Mass. 25. *Kimball* v. *Tucker,* and *Richards* v. *Killam,* 10 Mass. 192, 239. *Codman* v. *Jenkins,* 14 Mass. 93. *Sanders* v. *Filley,* 12 Pick. 554. *Butterfield* v. *Hartshorn,* 7 N. Hamp. 345. 1 Saund. Pl. & Ev. 110. 1 Chit. Pl. 4. 22 Amer. Jurist, 20.

SHAW, C. J. It appears that the defendants gave their father a bond with a penalty, conditioned to pay his debts, and also a mortgage, as collateral security for the performance of that obligation to him. The plaintiff sues as indorsee of a note made by the father, and outstanding when the bond was given. On these facts, the court are of opinion that the action cannot be maintained. It is not distinguishable in principle from *Sanders* v. *Filley,* 12 Pick. 554, and other cases cited for the defendants.

The verdict is set aside; and a new trial is granted which is to be had in this court, unless the plaintiff becomes nonsuit.