OSCAR W. TURK, Respondent, *v.* JOHN RIDGE, Appellant.

The defendant, in consideration of the conveyance to him by one P. of a farm, executed and delivered to the latter a bond in the penalty of $15,000, conditioned that the same should be void, if the defendant should (among other things) pay a certain promissory note given by P. to the plaintiff, and should indemnify and save harmless the said P. against the note, otherwise to remain in full force and virtue. The plaintiff, after judgment against P. on the note and execution thereon returned unsatisfied, having brought this action against the defendant, claiming a liability, under condition of the bond,—*Held* (GROVER, J., *contra*), he could not recover. The covenant made by the defendant is to pay P. the penalty of the bond; not a promise even to P. to pay the plaintiff's note. It is, upon condition of his payment of this note, and the performance of the other acts mentioned in the condition of the bond, that he *may* avoid it; but he *may* allow it to remain in full force.

The bond was, besides, merely one of indemnity to P., to save *him* harmless from the note, and not a promise to him for the benefit of the plaintiff.

*Semble*, that no action, on contract, will lie upon a mere naked condition. MASON, J.

(Cause argued June 27th, 1869, and decided September 25th, 1869.)

APPEAL from the judgment of the General Term of the

Supreme Court, in the eighth judicial district, affirming judgment for the plaintiff upon the report of referee.

In this case, one Philip Perkins owed Harriet Perkins a promissory note of $595, dated October 9, 1856, payable in three years from the first day of November then next, with interest. On the first day of September, 1857, Philip Perkins conveyed a farm to the defendant, and in consideration thereof, the defendant executed and delivered to the said Philip Perkins his bond, in the penal sum of $15,000, in which he acknowledged himself indebted to Perkins, and for the payment of which sum to Perkins, he bound himself, his heirs, executors, &c., in the usual form. The condition of bond was, that it was to be void if the obligor should pay James C. Ferris a certain bond and mortgage, executed by the said Philip Perkins and John Ridge to him, for about the sum of $10,050, bearing date April 14, 1854, and upon which there is unpaid about the sum of $7,200; and shall pay to Harriet Perkins a note of $500, executed by the said Philip, payable about October, 1859, and discharge and release the said Philip from his covenant in a certain deed named; and shall indemnify and leave harmless the said Philip from all trouble, costs or damages, by reason of the mortgage and notes.

On the 21st of October, 1858, this bond, without the knowledge or consent of Harriet Perkins, for a good, valuable consideration paid by the defendant to Philip, and sufficient, as between them, was given up to the defendant to be canceled, and was thereupon, with the consent of Philip, canceled by tearing the signature and seal of the defendant from the same.

On the first day of September, 1859, Harriet Perkins, for a valuable consideration, sold and transferred the note to the plaintiff, with all her right, claim and interest which she had or claimed in, to, or by reason of the bond, to enforce payment of the said note against the defendant.

The plaintiff then brought an action against Philip Perkins, upon the note, and on the 4th of February, 1860, recovered a judgment in the Supreme Court against

him for the amount of the note, interest and costs, and
which was not paid when this action was brought. This
action was then commenced on the 2d of August, 1860. No
further facts are necessary to be stated to present the questions
discussed in the opinion.

*H. L. Comstock,* for the appellant, insisted that the bond
was merely for the indemnity of Philip Perkins, and he could
have sued upon it, were it not for the re-lease, and cited *Carr* v.
*Roberts* (2 Barn. & Ad., 905); Same case after a second trial,
(5 id., 78); *Penny* v. *Foy* (8 Barn. & Cress., 11); *Port* v.
*Jackson* (17 John. R., 234); Same case on error (id., 479);
*In the matter of Negus* (7 Wend., 499); *Churchill* v. *Hunt*
(3 Denio, 321); *Thomas* v. *Allen* (1 Hill, 145); *Gardner* v.
*Gardner* (10 John. R., 47); *Northrop* v. *Northrop* (6 Cow.,
296); *Hodgson* v. *Bell* (7 Term R., 97); *Holmes* v. *Rhodes*
(1 Bos. & Pull., 638); *Dye* v. *Mann* (10 Mich., 291); *Mayor*
v. *Stewart* (4 Burr., 2439); *Lithbridge* v. *Milton* (2 Barn. &
Ad., 772).

He also urged, that there was no promise to pay Harriet's
note, and no covenant with her but a mere naked condition,
avoiding the bond in case of performance, and that a mere
condition never gave a right of action as upon an agreement.
(*Culver* v. *Sisson,* 3 Comst., 264; *Weed* v. *Covill,* 14 Barb.,
242; *Palmer* v. *Fort Plain Plankroad Co.,* 1 Kern., 376;
*Salisbury* v. *Phillips,* 10 John. R., 57; *Jackson* v. *Florence,*
16 id., 47; *Hill* v. *Ellicott,* 12 Mass., 26; *Scott* v. *Field,* 7
Watts, 360; *Smith* v. *Stewart,* 6 Blackf., 162.)   But if the
defendants undertaking had been in the form of a covenant
with Philip, the plaintiff could not make himself a party to
that deed.  (*McAlister* v. *Marbury,* 4 Humphrey, 426; *Dolph*
v. *White,* 2 Kern., 296; *Hornbeck* v. *Westbrook; Wat-*
*son* v. *Cambridge,* 15 Mass., 286; 2 Day, 559).   No
promise can be implied to Harriet, nor can she even in
equity, enforce performance of the condition in the bond.
(*Johnson* v. *Foster,* 12 Met., 167; *Toussaint* v. *Martivant,*
2 Term, 100; *Crafts* v. *Tritton,* 8 Taunt., 365; *Roosevelt* v.

*Marks*, 6 John. Ch., 266; *Champion* v. *Brown*, 6 John. Ch. R., 398; *Jones* v. *Quinnipiac Bank*, 29 Conn., 25; *Thrall* v. *Spencer*, 16 id., 139; *Ex parte Williams*, Burr., 13; *Tweddell* v. *Tweddell*, 2 Bro. Ch. R., 101; *Codrington* v. *Cumberland*, 3 John. Ch., 229; *Butler* v. *Butler*, 5 Ves., 534; *Karr* v. *Roberts*, 2 Barn. & Cress., 905.)

He also insisted that this case did not come within the cases, holding that a promise to one for the benefit of a third, may be sued upon; and that that doctrine was confined to simple contracts and assumpsit. Where the instrument is under seal, the obligee has the whole interest. (*Gale* v. *Nixon*, 6 Cow., 545; *Hinsdale* v. *Humphrey*, 15 Conn., 431; *Trustees* v. *Spencer*, 7 Ohio R., pt. 2 p. 149; *Richardson* v. *Jenkins*, 19 Eng. L. and E. R., 37; *Pike* v. *Brown*, 7 Cush., 133; *Braman* v. *Dawes*, 12 id., 227; *Rawson* v. *Copeland*, 2 Sand. Ch. R., 221; *Nuff* v. *Nickerson*, 27 Maine, 106; *Pratt* v. *Harding*, 30 Penn. St. R., 525; *Blyler* v. *Mulholland*, 2 Sand. Ch. R., 478; *Burnett* v. *Lynch*, 5 Barn. & Cress., 601; *Spencer* v. *Field*, 10 Wend., 88; *Van Alstine* v. *Vanslyke*, 10 Barb., 383; *Northampton* v. *Elwell*, 4 Gray, 81; *Millard* v. *Baldwin*, 3 id., 484; *Sanders* v. *Filley*, 12 Pick., 554; *Howe* v. *Howe.*, 1 N. H., 49; *Hinkley* v. *Fowler*, 15 Maine, 285; *Barford* v. *Stuckey*, 2 Brod. & Bing., 333; *Strohecker* v. *Grant*, 16 Serg. & Rawle, 237; *La Grange* v. *Chapman*, 11 Mich., 499; *Hasket* v. *Flint*, 5 Blackf., 69; *Hoxie* v. *Watson*, 19 Maine, 514; *Douglass* v. *Branch Bank*, 19 Ala., 659; *Neff* v. *Baden*, 3 B. Mon., 468; *Southampton* v. *Brown*, 6 Barn. & Cress., 718; *Chaplin* v. *Canada*, 8 Conn., 286; *Anderson* v. *Martindale*, 1 East, 497; *Emery* v. *Hitchcock*, 12 Wend., 156.)

In case of a *simple promise* to a debtor, to pay his debt, where the creditor elects to avail himself of the promise, from the time of such election, the promise is deemed to be made *to such creditor*. (*Arnold* v. *Lyman*, 17 Mass., 400; *Auburn City Bank* v. *Leonard*, 40 Barb., 119; *Burr* v. *Beers*, 24 N. Y., 178.)

In such cases, when the creditor adopts the promise, he is

deemed to have, as he must have in order to recover, the *legal interest*, and the right of action. (*Sailly* v. *Cleveland*, 10 Wend., 156; *Treat* v. *Stanton*, 14 Conn., 445; *Indian Rubber Company* v. *Tomlinson*, 1 E. D. Smith, 374; *Brewer* v. *Dyer*, 7 Cush., 327, 341.) Until the creditor adopts the agreement, it is a mere proposition to him, and it cannot be known that he will accept it. (*Steele* v. *Babcock*, 1 Hill, 527; *Lathrop* v. *Atwood*, 21 Cow., 117; *Braman* v. *Dawes*, 12 Cush., 227; *Stone* v. *Alyesworth*, 18 Conn., 244; *Rawson* v. *Copeland*, 2 Sand. Ch., 251; *Bohaman* v. *Pope*, 42 Maine, 93.)

But if the creditor adopts the new agreement, he becomes *substituted* in the place of the original promisee, whose right of action is then *extinguished;* for the promisor is not liable to two actions for a breach of the promise. (*Butterfield* v. *Hartshorn*, 7 N. H., 245; *Brewer* v. *Dyer*, 7 Cush., 337; *Blimier* v. *Boistle*, 6 Watts, 182.)

By such adoption, the creditor elects to look to the promisor *alone* for the payment of his demand, and he thereby *discharges his original debtor*. (*Butterfield* v. *Hartshorn*, 7 N. H., 345; *Felch* v. *Taylor*, 13 Pick., 133; *Wharton* v. *Walker*, 4 Barn. & Cress., 163; *Cuxon* v. *Chadley*, 3 id., 591; *Fairlie* v. *Denton*, 8 id., 395.)

It is clear that these principles cannot be applied to a bond of indemnity, like the one in question; for the bond is not a *shifting* contract, the parties to which can be *determined* or *changed* by the election of an *outsider*.

*L. W. Thayer*, for respondent, urged that the plaintiff could maintain the action on the promise in the bond under seal to Philip Perkins for the benefit of Harriet, and the condition in the bond is such promise, and cited *Farley* v. *Cleveland* (4 Cow., 432); S. C. Ct. of Errors, 9 Cow., 639; *Canal Co.* v. *Bank* (4 Den., 97); *Lawrence* v. *Fox* (20 N. Y., 268); *Judson* v. *Gray* (17 How., 289); *Burr* v. *Beers* (24 N. Y., 178); *Fellows* v. *Gilman* (4 Wend., 414); *Lyon* v. *Clark* (4 Seld., 148); Code, § 111.

And the creditor may enforce as well the conditional charac-

ter of the defendant's undertaking, the uncertain amount as one positive and certain. (*McKillop* v. *McKillop*, 8 Barb. Rep., 552; *Curtis* v. *Tyler*, 9 Paige, 432; *Halsey* v. *Reed*, id., 446; *Gold & Sill* v. *Phillips and others*, 10 John. Rep., 412.)

Mason, J. The first question, presented in this case, is, whether this bond gave any right of action to Harriet Perkins against the defendant.

Whatever may be said as to the rule elsewhere, the law must be regarded as settled in this State, that an agreement made by the defendant with Philip Perkins, upon the consideration appearing in this case, to pay this note to Harriet Perkins, is good and valid, and gives to her an action against the defendant, if she sees fit to adopt the arrangement made for her benefit, although she was not a party to the agreement. (*Lawrence* v. *Fox*, 20 N. Y. R., 268; *Burr* v. *Beers*, 24 N. Y. R., 178; *Barber* v. *Bucklin*, 2 Denio. R., 45; *Judson* v. *Gray*, 17 How. Pr. R., 289.)

The broad principle, that if one person, for a valuable consideration, make a promise to another for the benefit of a third person, such third person shall have an action on the promise, if he sees fit to adopt the arrangement, is settled by these cases. The real question in the case before us is, whether the defendant has ever made an agreement with Philip Perkins to pay this note to Harriet Perkins, upon which an action can be predicated. I do not think he has. The whole question depends upon the construction to be put upon this bond. It is a penal bond, in the usual form, by which the defendant acknowledges himself to be indebted to Philip Perkins in the sum of $15,000, in which he binds himself to pay that sum to the said Philip Perkins. Then comes the condition, that this obligation to pay this $15,000 to the said Philip shall be void, if he shall pay this note, and do the other things named in the condition; otherwise to remain in full force. Here is no express agreement to pay this note to Harriet Perkins, nor as it seems to me, is there any words in this condition importing such an agreement on the part of

the defendant. The defendant's agreement is to pay this $15,000 to Philip Perkins. The rest is a mere condition or defeasance for the benefit of the defendant. It simply sets out what shall avoid the defendant's covenant or obligation contained in the penal part of the bond, and simply states the terms and conditions upon which he can exonerate himself from the debt, which he has agreed to pay the obligee. The condition, standing by itself, wants the very elements of a contract, and it seems to me very clear, that Harriet Perkins could never maintain an action upon the conditions contained in this bond, as well for the reasons above stated, as for the palpable reasons appearing upon the face of the instrument itself. It was not an instrument taken by Philip Perkins for the benefit of Harriet, but to indemnify and save himself harmless from the payment of this note and the mortgage referred to. No action will lie in her behalf upon this condition. (*Bold* v. *Molineaux,* Dyer., 14 *b.,* 17 *a.;* *U. S.* v. *Brown,* 1 Payne, C. C. R., 422; *Huddle* v. *Worthington,* 1 How. R., 423; *Suffield* v. *Baskerville,* 2 Mod. R., 36; *Briscoe* v. *King,* Cro. Jac., 281; *Salisbury* v. *Phillips,* 10 J. R., 57; *Scott* v. *Field,* 7 Wall. R., 360; *Smith* v. *Stewart,* 6 Blackf. R., 162; *Culver* v. *Sisson,* 3 Coms't. R., 264; *Weed* v. *Covill,* 14 Barb. R., 242; *Palmer* v. *The Fort Plain, &c., Plank Road Co.,* 1 Kern. R., 376.)

The case of *Salisbury* v. *Phillips and others* (10 J. R., 57), is in point. That was an action of covenant upon the following instrument, to wit: " For and in consideration of the sum of twelve pounds to me in hand paid, by Abraham Salisbury, I do hereby assign over to him and his assigns forever, all the estate, right and interest, which I have in the lands described in the within lease, upon this condition: If I shall pay to the said Abraham Salisbury by the first of October next, the aforesaid sum of twelve pounds, with interest, then this assignment to be void, &c.; signed and sealed." Held, that no action would lie, for the reason that the assignment contained no covenant to pay, but only a condition for the benefit of the assignor, that he might redeem the lease on the payment of

the twelve pounds by such a day. To the same effect is the case of *Suffield* v. *Baskerville* (2 Mod. R., 36). The case of *Culver* v. *Sisson* (3 Comst. R., 264), is the same in principle. That was an action upon a chattel mortgage, executed by the defendant to the plaintiff, under seal. There was no express covenant to pay the money, but there was a condition that the instrument should cease and be void on the payment of the sum named. Held, that no action to recover the money would lie. To this same effect is *Weed* v. *Covill* (14 Barb. R., 242).

The case of *Palmer* v. *The Fort Plain, &c., Plank Road Co.* (1 Kern. R., 376), holds expressly, that no action will lie on a naked condition.

The case of *Sanders* v. *Tilley* (12 Pick. R., 554), holds that no action at law can be maintained on such a bond, if there was an express agreement in the condition. That was an action upon a bond by the defendant made to A., conditioned for the support of B., and it was held that B. could not maintain an action upon the bond.

The Court say, " this is an *action of debt for the penalty of the bond, &c. The penalty is one entire thing, and can only be claimed by the obligee or his legal representatives. We think it very clear, that the action cannot be maintained by the plaintiff. Cases of assumpsit, where a legal liability raises an implied promise, do not apply.*"

The case of *Johnson* v. *Foster* (12 Metcalf R., 167), is equally against the plaintiff's right to maintain this action. In that case, A. and B. gave a bond to C., conditioned to pay C.'s debts, and also a mortgage, as collateral security for the performance of the obligation of the bond; and it was held that the holder of a promissory note, made by C. before the date of the bond, could not maintain an action on the bond to recover of A. and B. the amount of the note. And yet, the courts of that State, in actions of assumpsit on simple contract, hold to the doctrine of *Lawrence* v. *Fox* (20 N. Y. R). See *Arnold* v. *Lyman* (17 Mass. R., 400); *Hall* v. *Marston* (id., 595). The case of *Seaman* v. *Whitney* (24 W. R., 260), holds expressly

that the defendant in such case, even in case of simple assumpsit, cannot be rendered liable to pay to a third person, although funds have been placed in his hands, unless there is some agreement, express or implied, to assume such a liability.

As Harriet Perkins never had any right of action upon this bond, against the defendant, she could give none to the plaintiff by the transfer of the note and the assignment of her claims against him.

These views dispose of the case, and render it unnecessary to consider the question whether the plaintiff, at the time he commenced this suit, had not waived all right of action against the defendant, if he ever had any. It is claimed and insisted by the defendant's counsel, that the defendant made his election to hold Philip Perkins upon the note by suing him, and recovering a judgment thereon against him; and that he thereby lost his remedy against the defendant. It is not necessary to decide this question, nor is it necessary to consider the effect of the discharge of this bond by Philip Perkins before Harriet had accepted of the arrangement. The judgment of the Supreme Court must be reversed, and a new trial granted, costs to abide the event.

LOTT, J., also read an opinion for reversal, on the ground that the note for $519, proved in evidence, did not correspond either in amount or date with the note mentioned in the bond; and there was, therefore, a failure of proof on the part of the plaintiff; but none of the other judges expressed any opinion upon this point.

All the judges, concurring for reversal upon the grounds stated in MASON, J.'s, opinion, except GROVER, J., who was for affirmance, and HUNT, Ch. J., and MURRAY, J., who did not vote.

Judgment reversed.