FRANK W. SIMSON, Respondent, v. CHARLES F. BROWN, Appellant.

A promise for a valid consideration by A. to B. gives no right of action to C., he being neither privy to the contract nor to the consideration, unless it was made for his benefit and he was the party intended to be benefited; the fact that a benefit would inure to him from the performance is not sufficient.

M. assigned to plaintiff a bond and mortgage to secure $500 executed to him by B. B., without notice of the assignment, paid the bond to M.

M. thereafter executed a bond to B. in the penal sum of $1,000, conditioned that if the obligor pay to plaintiff the amount of the bond and mortgage and save B. harmless therefrom the bond should be void. Defendant guaranteed the payment of the bond. In an action upon the guaranty, the court found that the bond was made and guaranteed for the purpose of securing to plaintiff the amount unpaid to him. *Held*, that if this was to be considered as a finding that the bond was given and guaranteed for the benefit of plaintiff, it was not sustained by the evidence; and that the action could not be maintained, as the obligation was not to pay to plaintiff, but to B., and the condition was not a promise but an alternative for the benefit of the obligor, providing a way by which he might be discharged from his obligation.

B., without plaintiff's knowledge or consent, executed under his hand and seal a written instrument expressing a consideration, acknowledging full satisfaction of the bond, and consenting to its cancellation; no consideration, was in fact paid. B. subsequently assigned the bond to plaintiff. *Held*, that the instrument was an extinguishment of the bond and guaranty so far as B. had a right therein, and he could thereafter transfer no interest to another.

As to whether, if it should be conceded that plaintiff acquired a good title to the bond by the assignment, it could be held that there was a non-performance of the condition, the bond being in effect simply a bond of indemnity, *quære*.

(Argued January 25, 1877; decided January 30, 1877.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department affirming a judgment in favor of plaintiff, entered upon a decision of the court on trial without a jury.

This was an action upon a guaranty executed by defendant of the payment of a bond.

The facts as found by the court were substantially as follows:

On the 13th day of March, 1869, one William Boyd, executed and delivered to one W. John Macdonald, a bond and mortgage to secure the payment of $500 and interest. On the 28th day of April, 1869, Macdonald, duly assigned and delivered said bond and mortgage to the plaintiff. Subsequently and prior to the 24th day of October, 1871, said Boyd, without knowledge of such assignment, paid Macdonald the full amount of principal and interest due and unpaid on said

bond and mortgage, which payment was made without the knowledge of the plaintiff. On the 24th day of October, 1871, "for the purpose of securing to the plaintiff the amount of principal and interest unpaid to him on said bond and mortgage and to indemnify the said Boyd against the claim of the plaintiff thereon, the said W. J. Macdonald, together with one John Macdonald, executed and delivered under seal, their bond to said William Boyd," in the penal sum of $1,000, conditioned that if the obligors pay or cause to be paid unto plaintiff, the amount of said bond and mortgage and hold the said Boyd harmless therefrom then the bond should be void. Defendant guaranteed the payment of said bond. On the 13th day of June, 1873, said Boyd, without the knowledge or consent of the plaintiff and without actual consideration, executed under his hand and seal an instrument expressing a consideration and acknowledging full satisfaction of said bond, and consented in said writing that the said bond be canceled. On the 27th day of June, 1873, for a valuable consideration the said William Boyd duly assigned, transferred and delivered to the plaintiff the said bond and indorsement of guaranty thereon, and he is now the lawful owner and holder thereof.

As a conclusion of law, the court found that plaintiff was entitled to recover the amount of the bond and mortgage.

Further facts appear in the opinion.

*C. Frost* for the appellant. Boyd having paid the amount due on the bond and mortgage to the mortgagor, without knowledge of the assignment, could not be compelled to pay a second time. (*Reed* v. *Marble*, 10 Paige, 409; *Foster* v. *Beals*, 21 N. Y., 247; *Gibson* v. *Haggerty*, 37 id., 555; 1 R. S., 763, § 41.) This action could only be maintained on the ground that defendant's agreement was a promise to Boyd for the benefit of plaintiff. (*Barlow* v. *Myers* [Ct. Apps.]; *Ætna Nat. Bk.* v. *Fourth Nat. Bk.*, 46 N. Y., 89; *Garnsey* v. *Rogers*, 47 id., 233; *Lawrence* v. *Fox*, 20 id., 268; *Burr* v. *Beers*, 24 id., 178; *Dingledine* v. *Third Ave. R. R. Co.*, 37

id., 575; *Hutchins* v. *Miner*, 46 id., 457; *Van Schaick* v. *Third Ave. R. R. Co.*, 38 id., 346.) The execution and delivery of the satisfaction of the bond in suit discharged defendant. (*Kelly* v. *Roberts*, 40 N. Y., 632; *Stephens* v. *Casbacker*, 8 Hun, 116; *Hartley* v. *Harrison*, 24 N. Y., 173.)

*W. J. Groo* for the respondent. Defendant is bound by his guaranty to pay plaintiff the amount of the Boyd bond and mortgage. (*Lawrence* v. *Fox*, 20 N. Y., 268; *Van Schaick* v. *Third Ave. R. R. Co.*, 38 id., 346; *Burr* v. *Beers*, 24 id., 178; *Freeman* v. *Auld*, 44 id., 55; *Dingledine* v. *Third Ave. R. R. Co.*, 37 id., 575; *Hutchings* v. *Miner*, 46 id., 456; *Secor* v. *Lord*, 3 Keyes, 525; *Brewer* v. *Dyer*, 7 Cush., 337; *Hall* v. *Marston*, 17 Mass., 575.)

Folger, J. It is sought by the plaintiff to bring his case within the rule that where one, for a valid consideration, makes a promise to another, for the benefit of a third, the third person may maintain an action thereon in his own name and for his own use; (*Schermerhorn* v. *Van Derheyden*, 1 J. R., 140; *Lawrence* v. *Fox*, 20 N. Y., 268; *Burr* v. *Beers*, 24 N. Y., 178.)

We are not able to find in the oral testimony that which shows a state of facts to which this rule may apply, nor, as will afterwards appear, does the documentary testimony establish such a state of facts. Nor is there any finding which in terms comes up to it. There is a finding that the bond made by the Macdonalds to Boyd, and guaranteed by the defendant, was executed and delivered for the purpose of securing to the plaintiff the amount unpaid to him. Let us assume that this is tantamount to a finding that the bond was given and guaranteed for the benefit of the plaintiff. It is stated to be a finding of fact. It is obvious, however, that it is a conclusion or inference from other facts. It is excepted to by the defendant, and we may inquire whether there is any thing in the testimony to sustain it. There is nothing in the oral testimony to show

that Simson, or a benefit to him, was in the mind of the parties to the bond and guaranty. He knew nothing of the transaction until after it was closed and the bond was discharged. The only phrase in the oral testimony which has the remotest bearing upon the plaintiff or his interest, is in the testimony of Boyd that he employed counsel to secure the $500. This is quite far off from a promise to Boyd for the benefit of Simson. The purpose was to secure the $500, and the prominent idea in the minds of all was to save and protect Boyd from damage. It would of a necessity also benefit Simson, but it does not appear that that was the prime purpose, or that the scheme was devised with any view to help him. If we consider the documentary testimony the result is the same. Boyd was once liable upon a bond and mortgage which had been duly assigned and transferred to Simson. But in ignorance thereof Boyd had paid it, and was relieved from further obligation thereon. Macdonald was liable to Simson for the amount paid by Boyd, and was also liable to Boyd if by any chance or misadventure he should be obliged to pay again. The bond given to Boyd does not in terms, nor by implication, introduce Simson into it. It is a penal bond by which the two Macdonalds are bound to Boyd in a sum certain. The condition annexed to the bond does declare that the bond will be discharged by the payment of a sum to Simson, and by holding Boyd harmless. Observe, now, that this bond is the only agreement of the Macdonalds, and the guarantee of this bond is the only agreement of the defendant. In them there is no promise to pay Simson. The obligation of both bond and guarantee, is to Boyd alone. In the part of the instrument which binds the Macdonalds, Simson is not named. It is this part which the defendant guarantees. It is only in the condition, that Simson's name occurs, and then without agreement to pay him, and indeed without agreement to do aught else. The condition is for the benefit of the Macdonalds, and prescribes a way by which they may be relieved from the penalty of the bond. In *Merrill* v. *Green* (55 N. Y., 270) it was held, that on a bond

given by one of two partners to the other, on a dissolution
of the firm, conditioned to pay the debts of the firm, a
creditor of the firm could not maintain an action as on a
promise for his benefit. It was said that it was not an agree-
ment made with the creditor or for his benefit; and that all
the liability incurred was upon the bond which was to the
obligee only, the retiring partner. It is true, that in *Merrill*
v. *Green*, the name of the creditor is not mentioned in the
instrument, either in the bond or in the condition. This
makes no difference. The condition was to pay all of the
indebtedness of the firm. The plaintiff in that case owned
an indebtedness of the firm. He was a creditor. So that he
was as fully indicated and included in the condition as though
he had been named in it. And though the ultimate benefi-
ciary be uncertain, if the promise be so framed as that he
comes within the designation, it is enough; he need not be
named especially; (*Coster* v. *City of Albany*, 43 N. Y.,
399–411; see, also, *Arnold* v. *Nichols*, 64 id., 117.) Yet
further, had he been named in the condition as one of those
to whom, or to whose benefit the payment was to be made,
he could not have maintained the action. There would not
thereby have been a promise for his benefit, no action would
lie in his behalf upon the condition. And for the reason that
the obligation or agreement is in the bond, and that is to the
obligee named therein. The condition contains no promise,
and is for the benefit of the obligor alone, providing a way
by which he may work a discharge of his penal obligation or
agreement. See *Turk* v. *Ridge* (41 N. Y., 201), which is a
case much in point upon the topic now in hand.

It is plain that the finding cannot be sustained by the
testimony, if it is needful to hold that it is a finding of a
promise made by the defendant to Boyd for the benefit of
Simson.

Again, if it can be upheld in its tenor, that the bond was
made for the purpose of securing to the plaintiff the amount
of the principal and interest unpaid to him on the Boyd bond,
it will not justify the conclusion of law, based mainly upon it,

that the plaintiff is entitled to recover in this action. He is not entitled to maintain this action and recover therein, unless the promise is to pay to him. We have seen that the obligation in this case contains no promise to that effect. Whatever agreement there is in it, is to pay to Boyd the sum of $1,000. The condition is not a promise, but an alternative for the benefit of the Macdonalds; (*Turk* v. *Ridge, supra.*) It contains no agreement to pay any one, and is not the basis of an action ; (*Culver* v. *Sisson*, 3 N. Y., 264.)

But it may be claimed that this action is brought upon the bond, after a failure to observe the condition, and upon an assignment from Boyd to the plaintiff. If it should be conceded that Simson had good title to it by the assignment from Boyd to him, yet it is questionable whether the case shows a non-performance of the condition. Though it is conditioned that it shall be void if the Macdonalds pay to Simson the amount and interest of the bond from Boyd, as well as hold Boyd harmless therefrom, yet a bond with such a condition is held in *Turk* v. *Ridge* (*supra*), to be no more than a bond of indemnity to the obligee.

Again, the bond and guaranty have been discharged by Boyd, by an instrument in writing under his hand and seal, and expressing a consideration. The consideration expressed, was not, nor was any other, paid in fact. He acknowledged thereby full satisfaction, and consented to a cancellation. This was before these papers came to the hands of Simson, or were formally assigned to him. This was an extinguishment of the bond and guaranty, so far as Boyd had right in it, and there was left no interest in him which he could transfer to another ; (See *Kelly* v. *Roberts*, 40 N. Y., 432.)

Finally ; it is not to be denied that the performance of the condition of the bond to Boyd would have worked consequentially a benefit to Simson, if it had been performed by the payment of the $500 and interest to him. It might then be said, in a way, to have been a benefit to him in the execution of it. But it is not every promise made by one to another, from the performance of which a benefit may ensue to a third,

which gives a right of action to such third person, he being neither privy to the contract, nor to the consideration. The contract must be made for his benefit as its object, and he must be the party intended to be benefited ; (*Ætna Nat. Bk.* v. *Fourth Nat. Bk.*, 46 N. Y., 82; *Garnsey* v. *Rogers*, 47 id., 233 ; *Merrill* v. *Green, supra ; Turk* v. *Ridge, supra.*)

For these reasons the judgment should be reversed and a new trial granted.

All concur.

Judgment reversed.