## OSCAR A. BURTON v. ARTHUR LARKIN.

1. CONTRACT—*Promise to Another—Action.* A person for whose benefit a promise to another, upon a sufficient consideration, is made, may maintain an action on the contract in his own name against the promisor.

2. ——— *Rule, Restricted.* But the rule is not so far extended as to give to a third person, who is only indirectly and incidentally benefited by the contract, a right to sue upon it.

3. PROMISE TO ANOTHER—*Party, Entitled to Sue.* It is not every promise made by one to another from the performance of which a benefit may inure to a third, which gives a right of action to such third person, he being neither privy to the contract nor to the consideration. The contract must be made for his benefit as its object, and he must be the party intended to be benefited in order to be entitled to sue upon it.

4. PERSON *to be Benefited—Sufficient Description.* The name of the person, however, to be benefited by the contract need not be given if he is otherwise sufficiently described or designated. He may be one of a class of persons, if the class is sufficiently described or designated. In any case where the person to be benefited is in any manner sufficiently described or designated, he may sue upon the contract.

5. CONTRACT—*Third Person not Authorized to Sue.* The contract in the present case is as follows:

"It is also agreed and understood that the said party of the first part [B.] shall furnish said party of the second part [C.] such sums of money as may be necessary to pay the current expenses of said second party, it being understood that said second party shall render a monthly account of expenses to said first party."

These sums of money were to be furnished by B. to C. as loans to C., and not to purchase anything or to pay for anything for B.'s

benefit. *Held,* That this contract does not authorize a third person to sue B. for goods furnished by such third person to C.

6. ———— *Agency.* Nor does such contract constitute C. the agent of B. to purchase goods, making B. liable as the principal debtor.

### *Error from Ellsworth District Court.*

ACTION by *Larkin* against *Clark* and another, to recover for goods alleged to have been sold and delivered by plaintiff to defendants. Trial at the April Term, 1885, and judgment for plaintiff for $469.46. The defendant *Burton* brings the case here. The opinion states the facts.

*J. B. Johnson,* and *J. D. McFarland,* for plaintiff in error.
*Lloyd & Evans,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought by Arthur Larkin against Howes B. Clark and Oscar A. Burton, for $461.26, for goods, wares, merchandise and chattels alleged to have been sold and delivered by the plaintiff to the defendants. The action was tried by the court and a jury, and the court instructed the jury to find for the plaintiff, and the jury so found, assessing the amount of the plaintiff's recovery at $469.46, and the court rendered judgment accordingly. To reverse this judgment, Burton, as plaintiff in error, brings the case to this court, making Arthur Larkin the defendant in error.

It appears that Burton is, and has been for many years, a resident of the state of Vermont, and at one time owned a large amount of real estate in Ellsworth county, Kansas; that Clark is his nephew; that Burton sold said real estate to Clark on credit, retaining the legal title in himself as a security for the purchase-money, and also at various times loaned Clark money for the purpose that Clark might cultivate the land and carry on the business of farming and stock-raising upon the same. Clark had a family, and he with his family resided upon the land. About once a year Burton and Clark had settlements

of their affairs, and at each time entered into a new agreement, Burton at all times retaining the legal title to the land in himself, as a security for the payment of the purchase-money and for the money advanced by him to enable Clark to carry on the aforesaid business. On November 22, 1883, they had a settlement, and entered into a written agreement, similar to agreements previously entered into between them, whereby Clark agreed to pay Burton $30,650, in such amounts and at such times as he could, with interest thereon at the rate of seven per cent. per annum; and upon full payment Burton was to convey to Clark the aforesaid real estate. This agreement also contained some stipulations not necessary to mention. It also contained the following stipulation, which constitutes the only foundation for the present action as between Larkin and Burton, to wit:

"It is also agreed and understood that the said party of the first part [Burton] shall furnish said party of the second part [Clark] such sums of money as may be necessary to pay the current expenses of said second party, it being understood that said second party shall render a monthly account of expenses to said first party."

After this written agreement was made, and prior to the commencement of this action, which was on December 26, 1884, the goods, wares, merchandise and chattels for which this action was brought were sold and delivered by Larkin to Clark, and to Clark only. It is not claimed on the part of Larkin that they were in fact sold or delivered to Burton, or to anyone at his instance or request, or that Burton received any benefit from them, or that the credit for the same was given to Burton, or that he in any manner became liable for them, except by reason of the aforesaid stipulation contained in the aforesaid written contract between Burton and Clark. It is claimed, however, that by virtue of this stipulation Burton is liable.

It is unquestionably true that in this state a person, for whose benefit a promise to another upon a sufficient consider-

1. Contract— promise to another—action.

ation, is made, may maintain an action on the contract in his own name against the promisor. (*Anthony v. Herman*, 14 Kas. 494; *Harrison v. Simpson*, 17 id. 508; *Center v. McQuesten*, 18 id. 476; *K. P. Rly. Co. v. Hopkins*, 18 id. 494; *Floyd v. Ort*, 20 id. 162; *Life Assurance Society v. Welch*, 26 id. 641, 642; *Brenner v. Luth*, 28 id. 581.) And this same doctrine prevails in many of the other states. It is said in a note to the case of *Shamp v. Meyer*, 24 Cent. L. J., 111, 112, as follows:

"The rule that a third party, for whose benefit a contract was made may sue the promisor on the contract, though the promise was not made to him and the consideration did not move from him, seems to have met with approval in England at one time; but the contrary rule is now well established.

"The later English rule has been adopted by several American courts, but generally with the exception that where one receives money from another under promise to pay it to a third person, or where one owing money to another promises to pay it to a third person, such third person may sue on the contract. Yet, where any contract is made for the benefit of one, a stranger to the contract, the weight of American authority is in favor of the rule which allows such third party to maintain an action on the contract, or advantage may be taken of it by way of set-off."

But there are limitations upon this rule; or rather, the rule is not so far extended as to give to a third person who is only

2. Rule, restricted.

indirectly and incidentally benefited by the contract a right to sue upon it. In the case of *Simon v. Brown*, 68 N. Y. 355, *et seq.*, the following language is used:

"It is not every promise made by one to another from the performance of which a benefit may inure to a third, which

3. Promise to another— party, entitled to sue.

gives a right of action to such third person, he being neither privy to the contract nor to the consideration. The contract must be made for his benefit as its object, and he must be the party intended to be benefited."

We think this is a correct statement of the law. (*Turk v. Ridge*, 41 N. Y. 201; *Garnsey v. Rogers*, 47 id. 233; *Merrill v. Green*, 55 id. 270; *Vrooman v. Turner*, 69 id. 280; *L. O. S.*

*Rld. Co. v. Curtiss,* 80 id. 219; *Dunning v. Leavitt,* 85 id. 30; *Sanders v. Filley,* 29 Mass. 554; *Johnson v. Foster,* 53 Mass. 167; *Greenwood v. Sheldon,* 21 Minn. 254; *Ferris v. Carson Water Co.,* 16 Nev. 44; *Anderson v. Fitzgerald,* 21 Fed. Rep. 294; *National Bank v. Grand Lodge,* 98 U. S. 123.) Of course the name of the person to be benefited by the contract need not be given if he is otherwise sufficiently described or designated. Indeed, he may be one of a class of persons, if the class is sufficiently described or designated. In any case where the person to be benefited is in any manner sufficiently described or designated, he may sue upon the contract. But the present contract does not come within any of the rules authorizing a third person to sue upon it. It is substantially as follows: Burton agreed with Clark that he (Burton) would furnish to Clark such sums of money as might be necessary for Clark to pay his (Clark's) own future current expenses: not to pay any *existing* debt or obligation; nor, indeed, for *Burton* to pay *any* debt or obligation, present or future, except to Clark; nor for either to pay to any *particular* person or class of persons, except Burton to Clark; nor to pay for any *particular* article, or act, or thing; nor to pay or to do *any other act or thing* for the benefit of any *particular* person or class of persons, except Burton to Clark. Indeed, the contract is solely between Burton and Clark, and solely for the benefit of these two persons, and not for the benefit of any other person or class of persons. Of course this contract, if everything were to occur as was contemplated, might indirectly result to the benefit of others than Burton or Clark. But so might almost any contract result to the benefit of others than the parties thereto, and yet no cause of action in favor of third persons and against one of the parties to the contract could be founded upon any such indirect results. When the contract in the present case was entered into, no debt or other obligation existed in favor of Larkin and against either Burton or Clark; nor does is appear that it was contemplated by either Burton or Clark that any such debt should be created;

*Marginal notes:*
4. Person to be benefited—sufficient description.
5. Contract—third person not authorized to sue.

or, indeed, that any debt to any person should be created.
Probably, at the time when this contract was entered into,
Larkin was not thought of; and probably also it was the in-
tention of the parties that Burton should furnish the money
to Clark, and that Clark should pay his current expenses as
fast as he contracted them, and that he should never, under
any circumstances, create any debt or debts or other obliga-
tion for such expenses to any person.   But, however this may
be, it cannot be said in any aspect of the case that the con-
tract was made for the benefit of Larkin within the meaning
of the rule that permits third persons to sue upon contracts.
The sums of money to be furnished by Burton to Clark were
to be furnished as *loans* to Clark, and not to purchase any-
thing or to pay for anything *for Burton's benefit*, except indi-
rectly as follows: they were furnished to Clark to enable
him to carry on Clark's own business, and thereby incident-
ally to preserve Burton's securities, for the payment of Clark's
debts to Burton.   As between Burton and Clark, Clark owed
Burton many thousands of dollars; and Burton should not
be compelled to pay Clark's debts.   The debt sued for in the
present case is purely Clark's debt.

It is further claimed, by counsel for Larkin, that "the con-
tract between Burton and Clark really constituted Clark the
agent of Burton, and Burton is liable as the prin-
cipal debtor."   We do not think that this claim
is tenable at all.   All the property, real and personal, belonged
to Clark, although the legal title thereto was in Burton, to se-
cure him for the amount which Clark owed him; and Clark
had full and complete possession and control of the property;
and it was also expressly stipulated in a chattel mortgage given
by Clark to Burton at the time when said contract was entered
into, that all the personal property should be taken care of
by Clark at his own cost and expense; and Clark also resided
upon the land, and had a family, for which a portion of his
current expenses were incurred; and all the goods, wares,
merchandise and chattels purchased by Clark from Larkin were
purchased for Clark, and not for Burton; and the sums of

money to be furnished by Burton to Clark were to be furnished as loans to Clark, and not to purchase anything or to pay for anything for Burton's benefit, except as aforesaid.

The judgment of the court below as between Burton and Larkin will be reversed, and the cause remanded for further proceedings.

All the Justices concurring.