Daniels, J.
The applications of these claimants have already been fully considered on their appeals and determined against them, hut it has been urged in support of the motion for a reargument that a portion of the agreement between the Empire Mutual Life Insurance Company and the Continental Life Insurance Company relating to the policies of the applicants, was overlooked. But such was not the fact, for the agreement was considered, as it was designed to have been an agreement on the part of the Continental Life Insurance Company to re-insure the outstanding life insurance risks issued by the Empire Mutual Life Insurance Company and thereby to assume the payments thereof. And that was what the Continental Life Insurance Company agreed to do by the contract which has been made the foundation of this proceeding. The policies of the applicants were issued by the Empire Mutual Life Insurance Company, and they did not avail themselves of this right of re-insurance provided for by the agreement, but they elected to and continued to hold their policies as demands against the Empire Mutual Life Insurance Company which had issued them. And for that reason, and the additional circumstance that they had _ participated so far as that ■ could be done in the distribution of the assets of that company, it was held" that they should not now be permitted to present their claims against the assets of the Continental Life Insurance Company. It is true that by the agreement the latter company agreed to assume and guarantee the payment of all and singular the outstanding policies issued *645 by the Empire Mutual Life Insurance Company, but this was to be done only by the re-insurance which it obligated itself to make. The agreement made by the Continental Company was, “to re-insure all risks insured by the pohcies of the Empire now outstanding and in force * * • * and to assume and guarantee the payment of all and singular such pohcies, upon the covenants, terms and conditions therein contained,” the design being to assume the liability of the Empire Company upon such policies, but this obligation was to be performed wholly by the means of reinsurances. That is still more evident from other portions of the agreement. As one of its inducements, it was stated that the Empire Company was desirous of reinsuring its outstanding life insurance risks. And it was further stated that “The Empire hereby agrees to pay for the reinsurance provided for in the first section of this contract the sum equal to the valuation of said policies at the rate of six per cent ” And also “to pay the amount ascertained to be the valuation of pohcies to be re-insured under the second section of this contract in the same manner,” as was provided in the preceding section. This was to be done by assigning, delivering and setting over to the Continental Company the loans, notes and deferred premiums of policy holders which were hens upon „the pohcies to be re-insured, so far as they would reach, to pay for such reinsurance. And by in hke manner assigning and delivering cash, bonds and mortgages, or other securities of a nature to be satisfactory to the Continental Company, for the balance not covered by such loans, notes and deferred premiums. "What the Continental Company was to do was referred to throughout the agreement as the re-insurance of the risks of the Empire Mutual Life Insurance Company, and it was by that re-insurance that it was intended it should assume and guarantee the payment of the pohcies of the Empire Mutual Life Insurance Company. This was the view taken of the agreement in the decision which has already been announced. And as the claimants did not elect to accept this re-insurance, but continued to hold their pohcies as obligations against, the Empire Mutual Life Insurance Company, it was considered that they sustained no such relation to the assets of the Continental Life Insurance Company as would entitle them to payment of any part of their claims out of such assets. And no good reason is perceived for doubting the correctness of this decision.
The agreement itself was between these two insurance companies. The Empire Mutual Life Insurance Company designed to discontinue its business, and to transfer its assets over to the Continental Life Insurance Company, which was to assume its outstanding policies by re-insuring their *646 risks. This of course could be in no otherwise effected so as to relieve the Empire Mutual Insurance Company from its liability than by the persons holding its policies accepting their reinsurance from the continental Life Insurance Company. If the applicants had done.that then they would have been in a situation to present their claims against the receiver for payment out of the assets of the Continental Life Insurance Company, enhanced and increased as they then would be, by those of the Empire Mutual Life Insurance Company. But that the applicants elected not to do. They, on the contrary, continued to hold their policies as the obligations of the Empire Mutual Life Insurance Company, and out of the assets of that company, for which the same receiver had been appointed, they received payment upon their claims to the amount of about seventy-eight per cent.
The assets still remaining undistributed by the receiver are those only of the Continental Life Insurance Company, and out of them the receiver will be able to pay upon the demands existing against that company, from five to ten per cent further dividends. The holders of these demands have already received but twenty-three per cent of their claims, so that in no event can they possibly secure from the receiver more than thirty-three per cent. If the applicants therefore, should be permitted to maintain their claims as demands against the Continental Life Insurance Company, they would be allowed so far to diminish the payments its own creditors will otherwise .receive, while by the assertion of their demands as claims against the Empire Mutual Life Insurance Company, which they in fact were, they have prevented these creditors from participating in the assets of that company, which were to have been received by the Continental Life Insurance company as a part of the consideration for the stipulated reinsurance. This would be conspicuously unjust, and it was no part of ' the object, of the contract entered into to promote such injustice. It was as it was drawn and executed an agreement solely between the two Insurance companies, and what the Continental Life Insurance Company undertook to do was to relieve the Empire Mutual Life Insurance Company from liability upon its policies and to assume and guarantee their payment by re.-insuring all its risks. That wras the evident design of the agreement. And the stipula- ’ tians entered into were appropriate for the promotion of that end and of no other object. But if they could be more broadly construed, as the agreement was whoEy entered into for the benefit of the Empire Mutual Life insurance Company and to protect it from liability upon its policies, these applicants would be at liberty to avail themselves of *647 its obligations in no other way than that which was contemplated and expressed, and that was by means of re-insurances. The authorities bearing upon the right of one party to avail himself of an agreement entered into exclusively between others were collected and considered in Edick v. Green (38 Hun, 202), and the result was declared to be that the rights and obligations under the agreement should be limited to the contracting parties, unless it appeared to have been entered into in whole or in part, for the benefit of the person, or persons, claiming to come in under its stipulations. This was also held to be the rule in Simson v. Brown, 68 N. Y., 355.
And whatever may be the construction which should be given to this agreement in other respects, and it was between these two companies, and not designed to create an obligation in favor of either of the applicants otherwise than by an actual contract of re-insurance, they cannot be considered entitled to its benefits as long as they have failed to accept such re-insurance, and asserted their rights unqualifiedly against the Empire Mutual Life Insurance Company and its assets in the hands of the receiver. It would be inequitable and unjust in the extreme, after exhausting those assets and preventing the creditors of the Continental Life Insurance Company from participating in them, as they would if the agreement had been carried out, to permit these claimants to diminish, by a participation in this final dividend, the small amount still remaining applicable to the claims of the creditors of the Continental Life Insurance Company. There is no principle governing this case requiring that injustice to be done, and the motion for the* reargument of these appeals should be denied, with costs.
Van Brunt, P. J., and Brady, J., concur.