WALTER CARTER et al., Executors, etc., Respondents, *v.* ALMIRA E. HOLAHAN, Impleaded, etc., Appellant.

D. purchased certain premises, upon which was a mortgage, the payment whereof was guaranteed by K., plaintiff's testator. The conveyance was by the deed made subject to the mortgage. D., in making the purchase, acted as agent for K., who advanced the money therefor. D. subsequently conveyed the premises to K., the deed containing the same provision as to the mortgage. After K.'s death plaintiffs, as his executors, purchased the mortgage, with accompanying bond, and took an assignment thereof. In an action to foreclose the mortgage, in which the mortgagor was sought to be charged with any deficiency, *held*, that K., by the acceptance of the deed, did not become primarily liable to pay the mortgage, and that the relief sought was properly granted.

It was claimed that K. acted as agent for the mortgagor in making the purchase of the premises. *Held*, that conceding this to be so, as neither D. nor K. received any consideration which would support a contract to pay the mortgage, the mortgagor was not discharged from liability.

By the will of K. no disposition was made of the premises. *Held*, that as the legal title on his death went to his heirs, and, therefore, there was no union of the equitable and legal estates in the same person, the mortgage was not merged upon its transfer to plaintiffs.

Defendants offered in evidence on the trial a number of receipts for moneys paid by the mortgagor to K., during his life-time; which were alleged to have been payments upon the mortgage; these were excluded. *Held* no error; that as, at the time the payments were made, K. was neither the holder nor owner of the bond and mortgage, they would not operate as payments thereon; that they were not available as a counter-claim to a demand acquired by plaintiffs after the death of their testator.

(Argued April 24, 1883 ; decided June 5, 1883.)

APPEAL from judgment of the General Term of the Court of Common Pleas in and for the city and county of New York, entered upon an order made June 5, 1882, which affirmed a judgment in favor of plaintiffs, entered upon the report of a referee.

The nature of the action and the material facts are stated in the opinion.

*B. F. Watson* for appellant. This action cannot be maintained if Mrs. Holahan is the equitable owner of the premises, subject to the claim of Kerr's estate, as thereby the deed (Drake to Kerr) in form is treated as a mortgage in effect, and Kerr, or his representatives, will not be permitted to purchase the prior mortgage and foreclose it, and thereby cut off the equity of redemption of the mortgagor, Mrs. Holahan. (Dayton on Surrogates, 262 ; Williams on Executors, 819 ; *Moffatt* v. *Milligan*, 2 B. & P. 124, note *c ; S. C.*, 2 Chitty, 539 ; *Fitzgerald* v. *Boehm*, 6 B. Monroe, 332 ; *Rose* v. *Pulton*, 2 B. & Ald. 822.) If the plaintiffs are correct in their contention that the testator did not die intestate as to any portion of or interest in the mortgaged premises, then the purchase by the executors, through the funds of the testator, of the mortgage sought to be foreclosed merged said mortgage in the superior title, both titles belonging to said estate. (*Knickerbocker* v. *Boutwell*, 2 Sandf. Ch. 319 ; *Burnett* v. *Dennison*, 5 Johns. Ch. 35 ; *Gardner* v. *Astor*, 3 id. 53 ; 6 id. 393 ; *Angel* v. *Bonar*, 38 Barb. 425 ; *Moore* v. *Hamilton*, 48 id. 120.) If the deed from Drake to Kerr was a mortgage, then the accounting called for by the reply, and entered upon by the defend-

ant's offer to prove the amount of the payments of the interest by Mrs. Holahan, the fact of which payments of interest was admitted by the reply should have been permitted. (*Niagara B'k* v. *Rosevelt*, 9 Cow. 409 ; *Breese* v. *Brange*, 2 E. D. Smith, 486.) The transaction was, in effect and in the intention of the parties, a conveyance of the title in fee in the mortgaged premises to Henry A. Kerr, to hold absolutely, subject only to resale and reconveyance to Mrs. Holahan, at her option. (*Holmes* v. *Grant*, 8 Paige, 243; *Glover* v. *Pain*, 19 Wend. 518; *Robinson* v. *Granger*, 6 Paige, 480 ; *Barbour* v. *Thurston*, 4 Denio, 493 ; *Quesch* v. *Rodman*, 5 id. 285; *Grinstone* v. *Carter*, 3 Paige, 421; *Whitney* v. *Townsend*, 2 Lans. 249 ; 1 Hilliard on Mortgages, 2.) To maintain the defense it was only necessary to prove that Henry A. Kerr became legally bound to the holder of the mortgage by the delivery to and acceptance by him of Drake's deed to pay off and discharge the mortgage in question. (*Burr* v. *Beers*, 24 N. Y. 178 ; *Comstock* v. *Drohan*, 71 id. 9 ; *S. C.*, 8 Hun, 373 ; *Morris' Appeal*, Supreme Court, Penn., 19 Alb. L. J. 257.) The agreement for the assumption of the mortgage contained in the recital in the deed from John J. Drake to Henry A. Kerr was an agreement made with Drake, and in his name, for the benefit of said defendant Holahan, and as her agent, and Drake thereby became a trustee of an express trust. (Code of Civil Procedure, § 449.) A parol promise from one person to another, for the benefit of a third person, will enable that third person to maintain an action on such promise. (*Schermerhorn* v. *Vanderheyden*, 1 Johns. 140.) A principal may, under sections 111 and 113 of the Code, sue in his own name, upon a simple contract in writing, made with his agent, and in the agent's name, of which the principal is the sole owner. (*Erickson* v. *Compton*, 6 How. Pr. 471; *Pitney* v. *Glens Falls Ins. Co.*, 65 N. Y. 6 ; *Simson* v. *Brown*, 68 id. 535 ; Story on Agency, 3 ; Bouvier's Law Dict. 100.) By virtue of the agreement in the deed, thus made with said Drake, as the agent of said defendant, Holahan was in contemplation of law Henry A. Kerr's grantor, and he was personally liable to pay

the mortgage debt. (*Comstock* v. *Drohan*, 71 N. Y. 9; 8 Hun, 373.) This was not merely a promise to indemnify, but to pay. (*Rawson* v. *Copland*, 2 Sandf. Ch. 278.) If the money is advanced by one whose duty it is by contract, or otherwise, to pay and cancel the mortgage, and relieve the mortgaged premises of the lien, a duty in the performance of which others have an interest, it shall be held to be a release and not an assignment, although in form it purports to have been an assignment. (2 Washburn on Real Property, 179; *Mills* v *Watson*, 1 Sweeney, 374; *Riccard* v. *Sanderson*, 41 N. Y. 179; *Kellogg* v. *Ames*, id. 259; *Angel* v. *Bonar*, 38 Barb. 425; *Moore* v. *Hamilton*, 48 id. 120; 1 Hilliard on Mortgages, 447, 500–502; *Tice* v. *Annin*, 2 Johns. Ch. 125; *Sems* v. *Crawford*, 2 Denio, 595.) The defense or counter-claim is not in any sense a plea of set-off. (Code of Civil Procedure, § 506.) It secures to the defendant the full relief which a separate action at law, or a bill in chancery, or cross-bill, would have secured him on the same state of facts. (*Gleason* v. *Moen*, 2 Duer, 642.) Even if Henry A. Kerr's guaranty of the bonds in suit, and his assumption and agreement in the deed to pay it failed to make it his duty and that of his executors, to pay it, certainly he, in contemplation of law, contracted to indemnify Mrs. Holahan from paying any thing besides the land under that bond and mortgage. (*Kellogg* v. *Ames*, 41 N. Y. 259.)

*George De Forest Lord* for respondents. As the deed to Drake, although made subject to, did not contain any covenant on his part to assume this mortgage, the defendant could not have claimed any benefit from Kerr's covenant, even if it had been supported by a good consideration. She was not privy to Kerr's covenant, and no principle of law can be invoked to secure to her the benefit of it. (*King* v. *Whitley*, 10 Paige, 465; *Trotter* v. *Hughes*, 12 N. Y. 74; *Vrooman* v. *Turner*, 69 id. 280; *Garnsey* v. *Rogers*, 47 id. 233.) Should a grantee who assumes payment of a mortgage convey to a third party, taking a similar covenant for his indemnity

against the obligation so assumed by him, his grantor (the original mortgagor) would be entitled to the benefit of that contract. (*Halsey* v. *Reed*, 9 Paige, 446.) If a break however occurs in the chain of successive covenants, its foundation is destroyed. The person to whom the covenant is given is not a debtor to the one who seeks its benefit. (*King* v. *Whiteley*, 10 Paige, 465 ; *Vrooman* v. *Turner*, 69 N. Y. 281.) Even if Mr. Kerr died intestate as to his property, that would not alter the plaintiff's obligations or enlarge the defendant's rights. No process of mere inheritance could give her any new rights. (*Halsey* v. *Reed*, 9 Paige, 446.) The receipts offered in evidence were properly excluded, as they only show that Mrs. Holahan paid those sums to Mr. Kerr on account of some pre-existing debt. (3 Phillips' Ev. 427, and note.) A claim against a testator cannot be a subject of set-off or counter-claim against a claim coming to his executors after his death. (*Paterson* v. *Paterson*, 59 N. Y. 574.) If Kerr held the title only for Mrs. Holahan, his covenant in the Drake deed would bind her and not him. (*Garnsey* v. *Rogers*, 47 N. Y. 233.)

RUGER, Ch. J. On the 18th day of August, 1871, the defendant, Almira E. Holahan, who owned, and Susan Lyons, who had a dower interest in, the premises known as No. 146 West Fourth street, New York, mortgaged them to one Socarras for $9,000 to secure the payment of their bond for the same amount.

The payment of this bond and mortgage was subsequently, on May 2, 1874, guaranteed by Henry A. Kerr, the plaintiff's testator. In June, 1877, and after the death of Kerr, the plaintiffs, by purchase and assignment, became the owners of these securities and have brought this action to foreclose the mortgage, claiming judgment for any deficiency which might arise against the defendant Holahan.

The entire defense is based upon the claim that the plaintiffs' testator, during his life-time, became primarily liable to pay this bond and mortgage by reason of certain transactions

between himself and the defendants relating to the title to the mortgaged premises.

This defense is attempted to be established in two ways, viz.: first, by the claim that Kerr assumed the payment of the mortgage in accepting a deed of the mortgaged premises in May, 1872, from one John J. Drake and wife, containing a provision for its payment by him ; second, by inferences sought to be drawn from evidence relating to certain transactions occurring between Kerr, the defendant, and others, respecting the title to this property.

The facts having been found against the defendant upon both of these claims, it is now also incumbent upon her to show that the referee has, upon request, refused to find as claimed by the defendant, and that the uncontradicted evidence establishes the facts as claimed.

Appropriate requests were made to the referee, and exceptions were duly taken, which enable the appellant to raise the questions. This necessarily involves the examination and consideration of the evidence taken on the trial. Certain facts in addition to those already stated were undisputed and were briefly these:

Prior to the execution of the mortgage in suit, the defendant Holahan was the owner in fee of the mortgaged premises, subject, however, to a right of dower therein in favor of Susan Lyons, her mother, who was then in possession. On the 20th day of October, 1871, the defendant Holahan conveyed an equal undivided half of these premises to one John J. Drake. Thereafter Drake commenced an action to procure a partition or sale of the premises, and under the decree rendered the premises were sold, and Drake became the purchaser thereof. The referee appointed in the partition proceedings, on April 30, 1872, conveyed the premises to Drake by deed, containing a provision making it subject to the payment of the mortgage in suit, and on May 20, 1872, Drake and wife conveyed the same to Henry A. Kerr by deed containing this clause : " Subject, nevertheless, to a certain mortgage made by Almira E. Holahan and Susan Lyon, bearing date the 18th day of Au-

gust, 1871, to secure the payment of $9,000, and interest," "the payment of which said mortgage, with the interest thereon from the 18th day of February last, is hereby assumed by the party of the second part." Kerr accepted this deed and retained the title of the premises until his death in December, 1876. It does not appear that he ever took possession of them, or that he received any benefit from their use or occupation.

It could not be claimed upon these facts that Kerr, by virtue of the clause contained in Drake's deed to him, became liable to the defendant upon such covenant. That deed evidenced a contract between the parties to it alone and created no right in favor of third persons. The only ground upon which a liability has been sustained between others than the immediate parties to such a contract is that growing out of the relation of principal and surety, whereby one becomes entitled to the benefit of any security received by the other from a party primarily liable for the payment of the debt. (*King* v. *Whitley*, 10 Paige, 465 ; *Curtis* v. *Tyler*, 9 id. 432.) In order to avail himself of the benefit of such a security, the party must show that the person acquiring it owes some debt or obligation in respect to the subject of the covenant to the person claiming its benefit. In this case, Drake never became personally liable for the payment of the mortgage debt, and therefore owed no duty or obligation to his grantor, Mrs. Holahan, by which she became entitled to the benefit of a security taken by him. There was no privity between Mrs. Holahan and Drake, and she was a stranger to the transaction out of which this covenant grew, and was not affected by the form which it took or the promises therein made. It was not entered into for her benefit, and she has paid nothing to induce or support its obligations. Drake never having been personally liable for the payment of any part of the mortgage debt, the covenant taken by him from Kerr did not inure either to the benefit of his grantor or to that of the holder of the mortgage. (*Trotter* v. *Hughes*, 12 N. Y. 74; *Garnsey* v. *Rogers*, 47 id. 233 ; *King* v. *Whitley*, *supra ; Vrooman* v. *Turner*,

69 N. Y. 280 ; 25 Am. Rep. 195.)   The appellant impliedly,
if not directly, conceding the correctness of these positions,
attempted to evade their effect by showing that Drake acted as
her agent in the transactions relating to this real estate, and
claimed that the rights of the parties should, therefore, be de-
termined as though the conveyance containing the covenant of
payment had been made by her directly to Kerr.   The referee,
upon a request by the defendant, refused to find that Drake
acted as the defendant's agent, either in purchasing the prop-
erty on the partition sale or in deeding it subsequently to Kerr.
It might well be questioned whether the defendant has re-
quested such a finding in form from the referee as enables her
to raise this question.   The requests to the referee were to
find certain evidence from which Drake's agency might pos-
sibly be inferred.   The fact of agency was requested to be
found as a question of law alone.

The referee might have found all of the evidence as re-
quested by the defendant, and still have properly found that
in fact no agency existed.   But treating the case as though
there had been a proper request to find as a fact that Drake
acted as defendant's agent in buying and conveying the real
estate, and that an exception was duly taken to the referee's
refusal to find such fact, we think the evidence was not such
as entitled the defendant, as matter of right, to this finding.

It did not appear that there had been any direct communica-
tion or agreement between Holahan and either Drake or Kerr
with reference to the office which either should perform in the
several transfers of this real estate.   Their relations to each
other and to these transfers can only be inferred from their
acts and their subsequent conduct.   Mrs. Holahan's object in
procuring a transfer of the real estate to Kerr through the
process which was adopted is evident enough, and that was to
dispose of her mother's right of dower and to acquire the
exclusive ownership and possession of the premises.   It is evi-
dent that in some way Kerr and Drake were both made use of
to accomplish this object.   It is equally evident that neither
of them expected to reap any benefit from the transaction or

incur any responsibility in its performance. Every thing that was done was for the exclusive benefit and advantage of Mrs. Holahan. It is true that Kerr received the title to the property, but it was the mere naked legal title (as is even now claimed by the appellant), and subject to Mrs. Holahan's right to claim reconveyance upon rembursing Kerr for his advances. In this transaction it does not appear that Drake was any more an agent than Kerr, and neither of them received any consideration from Mrs. Holahan or otherwise which would support a contract to pay this mortgage. If the correctness of the appellant's theory be conceded, neither Drake nor Kerr have received any benefit from the transaction, they have simply consented to be used as Mrs. Holahan's instruments for retransferring this property freed from some of the incumbrances existing upon it into her possession.

We do not think in performing this office that either Drake or Kerr can be termed her agent in such a sense as to entitle her to all the benefits of the contracts entered into between them in transacting her business and at the same time to discharge her from all her liabilities with reference to the subject-matter of said contract. We have thus far regarded this question from the standpoint taken by the appellant, but going further and considering the defendant and Kerr as occupying independent positions with reference to this property, we think the referee properly declined to find that Drake acted as the agent of Mrs. Holahan in purchasing the property.

It may be conceded that Drake was pointed out or selected by Mrs. Holahan or her attorney as a proper person to hold the title of the real estate temporarily to accomplish the result intended, but inasmuch as a certain trust was to be reposed by all parties in some one this did not conclusively indicate whose agent he was. It appears, nevertheless, that Drake received from Kerr not only the funds with which to purchase the property on the partition sale, but also his authority and instructions for making such purchases. It is unimportant that Mrs. Holahan subsequently repaid Kerr for the advances made by him

in the purchase of the property. The money when advanced was Kerr's money, and it was in accordance with the whole theory of the transaction that it was conducted for Mrs. Holahan's sole benefit and she was under obligation to repay all expenses incurred in its execution. This fact did not preclude Kerr from holding the property as security for his advances or from appointing and controlling the agencies by which his connection with the affair was to be manifested. We think, therefore, that there was evidence to show that Drake acted as Kerr's agent in buying and deeding the property, and the referee properly refused to find as requested.

There is no foundation for the claim that the mortgage merged upon its transfer, by its holders, to Kerr's executors. This portion of Kerr's real estate having been undisposed of by the will the title on his death went to his heirs; there was never a union of the equitable and legal estates in the same person. We are, therefore, of the opinion on the whole case that Kerr never became liable to Mrs. Holahan to pay and discharge the mortgage in suit.

The defendant on the trial offered in evidence a number of receipts for moneys paid by Mrs. Holahan to Kerr during his life-time.

Their admission in evidence was objected to by the plaintiffs and they were excluded by the referee, to which decision the defendant excepted. These moneys were alleged in the answer to have been, and the receipts were apparently offered to prove payments by Mrs. Holahan to Kerr between the years 1872 and 1876 upon the bond and mortgage in suit. At the time they were paid, Kerr being neither the holder nor the owner of the mortgage, they could not possibly operate as payments thereon. There was no offer to give any evidence to connect these payments in any way with the mortgage, nor was there any claim made to prove them as a counter-claim thereto. Even if such claim had been made they were not properly the subject of a counter-claim to a demand acquired by the executors after the death of the testator. (*Patterson* v. *Patterson*, 59 N. Y. 574; 17 Am. Rep. 384.)

The evidence as offered was in effect to show that the defendant had made payments to Kerr upon some pre-existing liability, the nature of which did not appear.

We think the referee properly rejected the proof.

The judgment should, therefore, be affirmed.

All concur.

Judgment affirmed.