## M. FRANCIS WAGER, Appellant, v. THOMAS B. LINK AND Others, Respondents.

*Deed in which the grantee assumes payment of a mortgage on the premises conveyed — when the grantee (although his grantor was obligated to pay the mortgage) cannot be sued by the mortgagee.*

A mortgagor conveyed the mortgaged premises by a quit-claim deed, and his grantee executed to the holder of the bond and mortgage a bond conditioned to pay the amount thereof; such bond was, by its terms, collateral to the bond and mortgage and required the obligee to first exhaust his remedy against the mortgaged premises.

The grantee who gave this bond subsequently conveyed the premises, subject to the payment of the bond and mortgage, by a full covenant deed, by the terms of which his grantee assumed and agreed to pay said bond and mortgage as part of the purchase-money.

*Held*, that the obligation assumed by the grantee in the last-mentioned deed did not enure to the benefit of the mortgagee, and could not be enforced by him.

APPEAL by the plaintff M. Francis Wager from an order granted at a Special Term, held in the county of Albany on September 30, 1890, confirming the referee's report in the above-entitled action, and denying the plaintiff's motion to charge the defendant Thomas B. Link with the deficiency arising upon a mortgage foreclosure sale in said action, which order was duly entered in the office of the clerk of the county of Columbia on October 21, 1890; and also from that part of a judgment granted on September 30, 1890, and entered in the office of the clerk of the county of Columbia on the 21st day of October, 1890, granting the defendant Thomas B. Link a judgment of $286.69 against the plaintiff, and refusing to grant the plaintiff a judgment for deficiency against the defendant Thomas B. Link.

*E. R. Harder*, for the appellant.

*Orin Gambell*, for the respondent.

LEARNED, P. J.:

This is an appeal by the plaintiff from that part of a judgment of foreclosure which denied him a personal judgment for deficiency against Link and which gave Link costs.

Jennie Sully, in 1869, executed the mortgage in question to

plaintiff. In June, 1873, she conveyed the premises to Kellogg by a quit-claim deed. In February, 1874, Kellogg executed to plaintiff a bond conditioned to pay the amount of the Sully bond and mortgage, stating therein that his bond was collateral to the bond and mortgage, and requiring the obligee to exhaust his remedy against the premises before suing the bond of Kellogg.

In April, 1875, Kellogg conveyed the premises to Link by full covenant deed, subject to the payment of the bond and mortgage, by the terms of which deed Link assumed and agreed to pay said bond and mortgage as part of the purchase-money. The sole question is whether the obligation thus incurred by Link enures to the benefit of the mortgagee so that he can recover thereon. Link had no knowledge of the bond executed by Kellogg to plaintiff. Mrs. Sully's deed to Kellogg was on record, and as Link purchased from Kellogg he would be chargeable with knowledge of the contents of that deed, and, conversely, would be entitled to assume from that deed that Kellogg was under no obligation to pay the plaintiff's mortgage. Link, therefore, cannot be said to have knowingly contracted with Kellogg for the indirect benefit of the mortgagee, being ignorant that Kellogg was under any obligation in respect to the mortgage.

When a mortgagor conveys the premises, and in the deed the purchaser agrees to pay the mortgage, then, equitably, the purchaser becomes the primary debtor and the mortgagor becomes the surety. In such case the purchaser is liable to the mortgagee.

But in the present case Kellogg, the purchaser, did not by the purchase become the principal debtor. Indeed, he did not enter into any agreement with Mrs. Sully, either at the time of the purchase or afterwards. Kellogg's bond to the plaintiff was a distinct matter, and gave Mrs. Sully no rights against him. In fact, that bond is expressly collateral to the Sully bond and mortgage and cannot be enforced until the obligee has exhausted his remedy against the premises. Thus Kellogg stands in a very different position from that of a purchaser who, by his deed, has agreed with the mortgagor and vendor to pay the mortgage.

To go one step further, when a purchaser who has thus become the primary debtor himself conveys to one who, by the deed, assumes

the debt, then such second purchaser in his turn becomes in equity the primary debtor and liable to the mortgagee. Such liability, however, depends on the fact that his grantor was at the time of the sale the person primarily liable in equity to pay the mortgage.

In the present case, as has been shown, Kellogg never became the primary debtor in equity, and never assumed any liability to Mrs. Sully, the mortgagor. The mortgagee, in order to hold Link liable to him, must deduce such liability through the mortgagor. If Mrs. Sully could sue Link, then the plaintiff could sue him. But as Kellogg's bond to the plaintiff was a personal matter, unconnected with the sale by Mrs. Sully to Kellogg, and one which gave her no right of action, it follows that Link's agreement with Kellogg was merely personal between them and gave no right of action to any one but Kellogg himself. Kellogg took the agreement from Link for his own protection; and, as Kellogg was only a surety, and as he did not obtain this security from the principal debtor, Mrs. Sully, the creditor has no claim to it. Of course, there is no question made here that Link is liable to Kellogg on the clause in the deed. The question is, whether the plaintiff has any right to the benefit of that clause. We think he has not for the reasons above stated. The doctrine which we have set forth is laid down in the cases of *Vrooman* v. *Turner* (69 N. Y., 280); *Turk* v. *Ridge* (41 id., 201); *Carter* v. *Holahan* (92 id., 498). We think that the error of the plaintiff is in assuming that the liability of Kellogg on his bond to the plaintiff was of such a character that any security which Kellogg took would be for the plaintiff's benefit. But Kellogg, being himself only a surety, could take for his individual protection any security except, perhaps, from the principal debtor; and the security thus taken would not of necessity be for the benefit of the creditors.

The judgment appealed from must be affirmed, with costs against appellant.

LANDON, J., concurred; MAYHAM, J., not acting.