JENKIN W. MORRIS *et al.* v. EURETTA MIX.

No. 60.

MORTGAGE—*Grantee Assuming, When not Liable.* The liability of a grantee who assumes the payment of a mortgage on land conveyed to him depends upon the personal liability of his immediate grantor; if the grantor is not so liable, the mortgagee cannot claim any deficiency from such grantee.

MEMORANDUM. — Error from Osborne district court; CYRUS HEREN, judge. Action by Euretta Mix against Jenkin W. Morris and others on a note and mortgage. Judgment for plaintiff. Defendants Jenkin W. Morris and John Norton bring the case to this court. Reversed. The opinion herein, filed September 12, 1896, states the material facts.

*Douthitt & Wolfe*, and *L. B. & S. E. Wheat*, for plaintiffs in error.

*Wm. H. Clark*, for defendant in error.

The opinion of the court was delivered by

GILKESON, P. J. :   Euretta Mix brought suit against Marion L. Swisher and Margaret A. Swisher and the plaintiffs in error upon a certain note and mortgage made, executed and delivered by the said Swishers to R. J. Waddell & Co.   The mortgage sued upon covered the following real estate, viz.:   The southwest quarter of section 2, township 10, range 13, and east half of the northwest quarter of section 11, township 10, range 13.   The allegations of the petition are those usually found in a petition for the foreclosure of a mortgage, and, in addition thereto, the following :

"That the defendants Jenkin W. Morris and Emily J. Morris became the legal owners of said lands in the mortgage described, by warranty deed, on the 15th day of October, 1888, from one E. F. Robinson and wife ; that as part of the consideration for said lands Jenkin W. Morris and Emily J. Morris assumed and agreed to pay the mortgage sued on in this action ; that the said defendant John Norton became the legal owner of the said lands described in the said mortgage on the 20th day of December, 1888, by virtue of a deed, a copy of which is hereto attached, etc. ; that, as a part of the consideration for said lands, the said defendant John Norton assumed and agreed to pay the mortgage sued on in this action ; that the said defendant John Norton and his wife now have or claim to have some interest in or to said lands by virtue of said deed, herein set up and marked ' Exhibit E,' but that whatever interest, lien or right they may have, if any, to said lands is junior, inferior and subject to the lien of this plaintiff."

There is a prayer for judgment against all the defendants for foreclosure of the mortgage, sale of lands, and that all defendants be barred, etc. The deeds referred to and attached to the petition are, (1) E. F. Robinson and Adah J. Robinson to Jenkin W. Morris, dated October 15, 1888, conveying, among other tracts, the southwest quarter of section 2 and the east half of the northwest quarter of section 11, all in township 10, range 13, in Osborne county, Kansas, and containing the following clause :

"To have and to hold the same, together with all and singular the tenements, hereditaments and appurtenances thereto belonging or in anywise appertaining, forever. And said parties of the first part, for themselves, their heirs, executors, or administrators, do hereby covenant, promise and agree to and with the said party of the second part, that at the delivery of these presents they are lawfully seized in their own right of an absolute and indefeasible estate of inheritance, in fee simple, of and in all and singular the above granted and described premises, with the appurtenances ; that the same are free, clear, discharged and unincumbered of and from all former and other grants, titles, charges, estates, judgments, taxes, assessments and incumbrances of what nature or kind soever, except mortgages of record on said lands and interest thereon *from this date,* which the grantee herein assumes as part payment. Crop of 1888 retained by grantors, and possession till January 1, 1889 ; and that they will warrant and forever defend the same unto said party of the second part, his heirs and assigns, against all and every person or persons whomsoever lawfully claiming or to claim the same."

(2) Jenkin W. Morris and Emily J. Morris to John Norton, as follows :

"This indenture, made this 26th day of December, A. D. 1888, between Jenkin W. Morris and Emily J. Morris, his wife, of Leavenworth county, in the state

of Kansas, of the first part, and John Norton, of Shawnee county, in the state of Kansas, of the second part:

Witnesseth, that said parties of the first part, in consideration of the sum of one and —— dollars, the receipt whereof is hereby acknowledged, do by these presents remise, release and quitclaim unto said party of the second part, his heirs and assigns, all the following-described real estate situated in the county of Osborne and state of Kansas, to wit: The southwest quarter (S. W. ¼) of section two (2), township ten (10), range thirteen (13) west; also the east half of the northwest quarter (E. ½ of N. W. ¼) of section eleven (11), township ten (10), range thirteen (13) west; also the southwest quarter (S. W. ¼) of section twenty (20), township eight (8), range thirteen (13) west; also the west half (W. ½) of section twenty-nine (29), township eight (8), range thirteen (13) west, all in Osborne county, Kansas, according to the United States government survey thereof. The grantee hereby assumes all liability of the grantor on account of any mortgages against said property. To have and to hold the same, together with all and singular the tenements, hereditaments and appurtenances thereunto belonging or in anywise appertaining, forever. In witness whereof, the said parties of the first part have hereunto set their hands, the day and year first above written.

JENKIN W. MORRIS.    [SEAL.]
EMILY J. MORRIS.    [SEAL.]

Summonses were issued thereon as follows: To the sheriff of Chautauqua county, for Marion L. and Margaret A. Swisher; to the sheriff of Shawnee county, for John Norton and Mrs. John Norton; to the sheriff of Leavenworth county, for Jenkin W. Morris and Emily J. Morris. They were duly served and returned. None of the defendants so served appeared in the action.

Upon the trial of this cause, the plaintiff dismissed her action "without prejudice as to Marion L. Swisher

and Margaret A. Swisher, his wife, it being shown to the court that said defendants Margaret A. Swisher and Marion L. Swisher had no interest in the lands described in the petition of said plaintiff at the time of the beginning of the action.'' And thereupon the court found as follows:

"After hearing the evidence, finds that all the allegations and averments contained in the petition of said plaintiff filed herein are true, and that there is due from said defendants Jenkin W. Morris and John Norton to the said plaintiff on the notes and mortgage sued on in this action the sum of $1,138.15.''

Judgment was rendered accordingly.

There was no indorsement upon either of the summonses issued herein of the amount for which judgment would be taken if defendants should fail to appear. Defendants Morris and Norton bring the case here for review upon transcript.

The principal question in this case is as to the liability of Jenkin W. Morris upon the assumption clause in this deed. In other words, Can a mortgagee avail himself of an assumption to pay his mortgage contained in a deed to an intermediate purchaser unless the purchaser's grantor was personally liable to pay the debt?

Robinson is the immediate grantor of Morris. From whom or upon what conditions he obtained title is not shown. It is not alleged that Robinson assumed this mortgage, or was under any obligation to pay the same, or had any interest, legal or otherwise, in having Swisher's covenant performed.

We think the liability of the grantee results from an application, or more correctly an extension, of the equitable doctrine of subrogation. And the authorities with great uniformity hold that the assuming grantee becomes the principal debtor and the mortga-

gor becomes the surety, and the mortgagee is entitled, if at all, under the principle of equity that "a creditor is entitled to the benefit of all collateral obligations for the payment of the debt which a person standing in the situation of a surety for others has received for his indemnity." Does not, then, the liability of the grantee to the mortgagee depend upon the fact *that his immediate grantor is also personally liable?* We think so, since there will be no place for the operation of subrogation in the absence of such personal liability of the grantor. And, from a careful and very extended examination of the adjudicated cases, we are irresistibly led to the conclusion that the liability of a grantee who assumes the payment of a mortgage on land conveyed to him depends upon the personal liability of his immediate grantor; therefore, if a grantor is not so liable, the mortgagee cannot claim any deficiency from such grantee.

"A mortgagee cannot avail himself of an assumption to pay his mortgage contained in a deed to a subsequent purchaser unless the grantor was himself personally liable to pay the debt. . . . It, therefore, does not appear . . . that there has ever existed any obligation on the part of DeHart to indemnify Pflaum against the complainants' mortgage debt. . . . Each grantee who assumed the payment of the mortgages was bound thereby only to indemnify; and if no liability to pay the mortgage debt existed on the part of his immediate grantor, there is no ground for claim of indemnity on the part of the grantor, and consequently no personal liability on the part of the grantee to pay the mortgage debt." (*Norwood v. De-Hart*, 30 N. J. Eq. 412.)

"An action brought by the holder of certain premises, liable under a provision contained in a deed thereto to him that he purchased the same subject to two certain mortgages, and his agreement therein contained to assume and pay the same as part of the

consideration and purchase price of said premises, cannot be maintained, unless it is alleged and proved that the grantors of said owner were in some way liable to pay the plaintiff therein, or his assignors, the debt secured by the mortgages, or at least they had a legal interest in having the covenant in such deed performed." (*Carrier v. Paper Co.*, 73 Hun, 287.)

This question has also been discussed by Mr. Desty in his notes to *King v. Whitely*, 10 Paige, 465 (4 Lawy. Ed. N. Y. Ch., p. 1052), and he states the doctrine to be :

" Where the grantor or an equity of redemption in mortgaged premises is not personally holden for the debt, and the covenants from him contained covenant of seizin and warranty, and a statement that the premises are subject to the mortgage the payment of which is assumed by the grantee, the latter is not liable personally for the mortgage debt or any part thereof. The assumption of the mortgage debt by the subsequent purchaser will not in any case be available to the mortgagee, unless the grantor was himself personally liable for the payment of the mortgage debt. Unless the grantor is personally liable for the debt, the promise of grantee, the purchaser, is held to be a mere *nudum pactum*, and of course without efficacy in favor of either the grantor or grantee. The mortgagee cannot look to the grantee personally at all, because the assumption is but an indemnity, and the grantor not being liable, the indemnity is practically a nullity. To make the promise of a grantee to pay the mortgage available to the mortgagee of the land conveyed to him, it must be made to a person personally liable for the mortgage debt. Where a grantor of an equity of redemption in mortgaged premises is not personally liable to pay the mortgage debt, and has no legal or equitable interest in such payment except so far as the mortgage may be a charge on the land mortgaged, his grantee thereof incurs no liability to the holder of the mortgage by reason of the covenant on his part contained in the deed

to assume and pay the mortgage." (*Trotter v. Hughes,* 12 N. Y. 80; *Vrooman v. Turner,* 69 id. 280; *Cashman v. Henry,* 5 Abb. N. C. 232; *Biddle v. Brizzolara,* 64 Cal. 361; *Crowell v. St. Barnabas Hosp.,* 27 N. J. Eq. 656; *Crowell v. Currier,* 27 id. 155; *Norwood v. DeHart,* 30 id. 414; *Mount v. Van Ness,* 33 id. 265; *Wise v. Fuller,* 29 id. 266; *Birke v. Abbott,* 103 Ind. 1; *Huyler v. Atwood,* 26 N. J. Eq. 505.

In the state of New York this question has arisen in almost every conceivable form, and the more it has been discussed the clearer have the courts become in their statements of it.

In *Carter v. Holahan,* 92 N. Y. 504, the court said:

" The only ground upon which a liability has been sustained between others than the immediate parties to such a contract is that growing out of the relation of principal and surety, whereby one becomes entitled to the benefit of any security received by the other from a party primarily liable for the payment of the debt. . . . Drake never became personally liable for the payment of any part of the mortgage debt. The covenant taken by him from Kerr did not inure to the benefit of his grantor, or to that of the holder of the mortgage. Should a grantee who assumes the payment of a mortgage convey to a third person, taking a similar covenant for his indemnity against the obligation assumed by him, his grantor would be entitled to the benefit of that contract; if a break, however, occurs in the chain of successive covenants its foundation is destroyed."

And this doctrine has been asserted in *Thayer v. Marsh,* 75 N. Y. 230: *Dunning v. Leavitt,* 85 id. 30; *Wilbur v. Warren,* 104 id. 192; *Lorillard v. Clyde,* 122 id. 504; *Wager v. Link,* 134 id. 125; *Durnher v. Rau,* 135 id. 219; also, in Minnesota in *Nelson v. Rodgers,* 49 N. W. Rep. 526; *Brown v. Stillman,* 43 Minn. 126; also, in *Keller v. Ashford,* 133 U. S. 610.

In New Jersey this question has frequently been

before the courts and thoroughly considered, as shown by cases before cited. In *Mount v. Van Ness*, 33 N. J. Eq. 265, the court used the following language:

"If the grantor is not personally liable for the mortgage debt, the mortgagee cannot look to the grantee personally at all, because the assumption is but an indemnity, and, the grantor not being liable, the indemnity is practically a mere nullity; nor does the fact that the grantee obtained the benefit of the mortgage by having the amount allowed to him as part of the purchase-money make any difference. The purchase-money was payable to his grantor, and the assumption is to him, and in his favor."

This doctrine obtains in Virginia:

"In such cases, however, the mortgagee does not acquire a right of action against the purchaser, but the benefit flowing to him from the contract is limited to a right to be subrogated to the rights of the debtor. His right is simply a right of substitution, subject, however, to the equities between the purchaser and his immediate grantor." (*Osborne v. Cabell*, 77 Va. 462.) See, also, *Willard v. Worsham*, 76 Va. 392.

"An assuming vendee of mortgaged premises is yet not liable to the holder of the mortgage if his immediate grantor is not personally liable; also, upon the ground that an assumption is a mere indemnity, not made for the benefit primarily of the holder of the mortgage before the indemnity of the immediate vendor, and the benefit flowing to the holder of the mortgage from the contract is only a right to be subrogated or substituted to the right of the immediate grantor, and that there is no consideration for anything further than a mere indemnity." See *Mellen v. Whipple*, 1 Gray, 317.

But it is contended that "a person for whose benefit a promise to another upon sufficient consideration is made may maintain an action in his own name against his promisor." This is undoubtedly the doctrine in Kansas, and it is also the law in most of the

states. And it might not be out of place at this point to state that in Pennsylvania, one of the few states which hold that a person assuming the payment of a mortgage is liable, even though his vendor is not personally liable to pay the same, a third party for whose benefit one has made a promise to another on adequate consideration cannot sue thereon in his own name, while in New York he can. In *Dunning v. Leavitt*, 85 N. Y. 30, this proposition was specially pressed upon the court—that the party was liable to such vendee for the reason that a third party can maintain an action for and upon a promise made to still another party for the benefit of the third party. The court says:

"It is said that the action can be sustained upon the doctrine of *Lawrence v. Fox* (20 N. Y. 268), and kindred cases. But I know of no authority to support the proposition that a person not a party to the promise, but for whose benefit the promise is made, can maintain an action to enforce the promise, where the promise is void as between the promisor and the promisee for fraud, or want of consideration, or failure of consideration. It would be strange, I think, if such an adjudication should be found. The party suing upon the promise, in cases like *Lawrence v. Fox*, is in truth asserting a derivative right."

In *Vrooman v. Turner*, 69 N. Y. 280, it was held that an assumption clause in a deed did not give a right of action to the mortgagee, where the grantor was not himself liable to pay the mortgage debt, although in that case there was ample consideration for the promise of the defendant.

"There are limitations upon this rule, or rather the rule is not so far extended as to give a third person who is only indirectly and incidentally benefited by the contract a right to sue upon it. In the case of *Simson v. Brown*, 68 N. Y. 355, *et seq.*, the following

language is used: 'It is not every promise made by one to another, from the performance of which a benefit may inure to a third, which gives a right of action to such third person, he being neither privy to the contract nor to the consideration. The contract must be made for his benefit as its object, and he must be the party intended to be benefited.' We think this is a correct statement of the law." (*Burton v. Lakin*, 36 Kan. 249 — citing among other authorities *Vrooman v. Turner*, 69 N. Y. 280; *Dunning v. Leavitt*, 85 id. 30.)

It is not sufficient that the promise be made by one to another, from the performance of which a benefit may inure to a third; the contract must be made for his benefit as its object, and he must be the party intended to be benefited. (*Burton v Larkin*, supra.)

"The benefit of the third party must have been the object of the contract within the contemplation of the parties; the parties must have had this in their minds; it must have been more than merely incidental — it must appear as considered, and therefore made, and the grantor must have a legal interest that the covenant be performed in favor of the party claiming performance." All this must be proved by more than the mere production of an assumption clause in the deed from a vendor to a vendee; for, as the Minnesota cases say, "the presumption is that the vendor and vendee of mortgaged property have in mind, consider, contemplate and regard only their own interests and not the interests of the mortgagee." They are not seeking to increase the security of the mortgagee. The vendor is seeking only his own interests—indemnity and security that he will never have to pay the mortgage after he has parted with the mortgaged property, and the vendee is seeking to assume to promise the least possible in order to get the prop-

erty.    Any other presumption would do violence to the well-known course of business in such transactions, and would contradict the universal experience of mankind.    The vendor of mortgaged property is entirely careless and indifferent as to the interests of the mortgagee.    He is anxious to sell and cares nothing about the mortgagee.    Would he imperil his sale by asking or insisting that his grantee shall assume a mortgage for which he is not himself personally liable?    He is perfectly willing that the property in which he is no longer interested may be taken.    Does he regard the interests of the mortgagee as of more importance than his own, so that he will take the chances of spoiling his sale to have a thing done that he has no interest in?    We think not.

And what has been said with reference to the liability of Morris applies to that of Norton, and with much greater force, for Norton's contract is, strictly speaking, one of indemnity, viz., "the grantee hereby assumes all liability of the grantor on account of any mortgages against said property," and unless Morris was liable, and it was so alleged and proved, certainly no liability could attach to Norton.

The judgment of the district court will be reversed, and the case remanded for further proceedings in accordance with the views herein expressed.

All the Judges concurring.