The New England Trust Company v. T. E. Nash.
No. 209.

1. Homestead — *record not showing whether wife's removal from, was temporary or permanent, land remains.* Where H. entered a piece of land under the homestead law of the United States, in 1874, and acquired title by patent under such entry and resided thereon continuously with his wife, his two sons and daughter-in-law until 1885, and his wife then removed to another place in the same county, the record not disclosing whether such removal was temporary or permanent, the land still remains the homestead of H. and cannot be alienated without the joint consent of H. and his wife.

2. Mortgage — *liability of grantee assuming, depends upon that of his immediate grantor.* The liability of a grantee who assumes the payment of a mortgage on land conveyed to him, depends upon the personal liability of his immediate grantor. If the grantor is not so liable, the mortgagee cannot claim any deficiency from such grantee.

Error from Rice District Court.   Hon. J. H. Bailey, Judge.   Opinion filed December 1, 1896.   *Affirmed.*

*John C. Hall*, and *A. M. Lasley*, for plaintiff in error.

*Sam. Jones*, for defendant in error.

Cole, J.  This action was brought by T. E. Nash in the District Court of Rice County, to set aside certain mortgages executed by Jesse G. Hurt upon a piece of real estate in said county, and to reform certain deeds described in the petition.   There are a number of questions which, it seems to us, are presented by the record ; but only two of them are discussed by counsel in their briefs, and we will pass upon only such questions as are presented.   The facts so far as they relate to the questions before us are as follows :

In 1874 Jesse G. Hurt filed a homestead entry upon the land in question, which ripened into a patent in

1879.   He resided continuously upon the land from the time of making such entry until the year 1885, and with him during all this time lived his wife, Lucy Ann Hurt, his two sons and daughter-in-law.   In the year 1885 the wife of Jesse G. Hurt went to Sterling, in the same county in which the land was situated, and lived with her daughter, on account of some difficulty between herself and one of her sons, but the record does not disclose whether such removal was temporary or permanent.

On the nineteenth of March, 1887, Jesse G. Hurt executed and delivered to the plaintiff in error the mortgages in question in this case, the wife of Jesse G. Hurt in no manner joining in said conveyances. On the twenty-third of August, 1888, Jesse G. Hurt conveyed by deed to his two sons, Charles and Abner, the real estate in question, but the wife did not join in this conveyance, nor did the grantees assume the payment of the mortgages given to the plaintiff in error.   On the twenty-fourth of September, 1888, Charles Hurt and wife and Abner Hurt conveyed the premises in question, by warranty deed, to the defendant in error who in said conveyance assumed the payment of the mortgages given to plaintiff in error.

In all the conveyances executed by Jesse G. Hurt he represented himself as an unmarried man.   The questions presented are, *first*, did the real estate in question remain the homestead of Jesse G. Hurt, and, *second*, was the defendant liable under his assumption of the mortgages in the deed of conveyance given to him ?   We are of opinion that the first question must be answered in the affirmative.   There can be no doubt that, when Jesse G. Hurt settled upon the land in question with his wife, his two sons and daughter-in-law and continued to live upon the same, the

New England Trust Co. v. Nash.     741

Dec. 1, 1896.          Opinion.   Cole, J.          W. Div.

character of a homestead was imparted to the land. No act caused the land to lose this character up to the time of the execution of the mortgages in question, unless it was the removal of Lucy Ann Hurt, wife of Jesse G. Hurt, to Sterling, and this we do not consider sufficient under the numerous decisions of our Supreme Court. It is true Mrs. Hurt had been absent from the land for nearly two years at the time of the execution of the mortgages, but the record discloses that this was on account of a difficulty between herself and one of her sons, and not on account of any difficulty between herself and her husband; nor do we think that her removal alone would cause the family relation to cease to exist between Jesse G. Hurt and his two sons and daughter-in-law, who remained upon the premises. In view of the decisions in this State we would consider the contrary rule a dangerous precedent to establish. The Constitution provides that the homestead "shall not be alienated without the joint consent of husband and wife, when that relation exists" (Const., art. 15, § 9), and the construction given to this clause by the courts of last resort has been to uphold the homestead right wherever it was possible. In the case of *Chambers v. Cox* (23 Kan. 393), the separate conveyance of a homestead by the husband was held to be void, although the wife had never resided in the State. This doctrine has been affirmed in *Ott v. Sprague* (27 Kan. 620). Our conclusion is, therefore, that the District Court rightly held that the mortgages upon the land in question, executed by Jesse G. Hurt alone, conveyed no interest to plaintiff in error.

The second question before us must be answered in the negative. While our Supreme Court has not passed upon this question in any case which has been

called to our attention, the subject has been ably discussed in an opinion rendered by Gilkeson, P. J., of the Kansas Court of Appeals, Northern Department, in the case of *Morris v. Mix* (4 Kan. App. 654, 46 Pac. Rep. 58). A careful reading of that opinion together with the cases cited in support thereof, convinces us of the soundness of the doctrine announced by that court; and we therefore hold that the liability of the grantee who assumes the payment of a mortgage on land conveyed to him, depends upon the personal liability of his immediate grantor. If the grantor is not so liable, the mortgagee cannot claim any deficiency of the grantee. In this case the immediate grantors of the defendant in error were in no manner bound for the payment of the mortgages in question, and there was, therefore, no consideration to uphold the assumption of the mortgage by the defendant in error.

The judgment of the District Court is affirmed.