## FRY v. AUSMAN et al.

Where the grantor by a deed, with a clause specifying that the grantee assumed the mortgage, conveyed land upon which there was a mortgage debt for which she was not personally liable, the grantee, in the absence of other evidence, was not primarily liable for a deficiency arising on forclosure sale; such clause and its acceptance being a mere agreement to indemnify the grantor and not for the benefit of the holder of the mortgage to whom the grantor owed no obligation, and it not appearing to have been inserted in the deed "expressly for the benefit of a third party" within the meaning of Civ. Code, § 1193, authorizing enforcement of such a contract.

(Opinion filed, April 2, 1912.)

Appeal from Circuit Court, Jerauld County. Hon. FRANK B. SMITH, Judge.

Action by Uriah S. Fry against L. E. Ausman and others. From a judgment for defendants, plaintiff appeals. Affirmed.

The deed to the grantor contained the following clause: "The same are free from all incumbrances, except a first mortgage of $5,000;" but contained no statement that she assumed the mortgage. The deed from the grantor to the grantee contained the following clause: "The same are free from all incumbrances, except a first mortgage of $5,000 and interest from April 26, 1908, at 6 per cent. which second party agrees to assume." The mortgage was foreclosed, and, the proceeds being insufficient to satisfy it, this action was brought to recover the deficiency.

*Gleim & Hatch* and *Brown & Mossman,* for appellant.

"A contract made expressly for the benefit of a third person may be enforced by him at any time before the parties thereto rescind it." Sec. 1193, Civil Code, 1903. "Every action must be prosecuted in the name of the real party in interest." Sec. 80, Code of Civil Procedure, 1903. Where one person for a valuable consideration engages with another to do some act for the benefit of a third person, the latter who would enjoy the benefit of the act may maintain an action for the breach of the engagement. Pom. Code Remedies, § 139. An exception to the rule that privity of contract is necessary to the maintenance of an action is the case where, under a contract between two persons, assets have come into the promisor's hands or under his control which in equity belong to a third person. National Bank v. Grand Lodge, 98 U. S. 123. The right of the appellant rests on the equity of the transaction and the legal right founded on the theory of a provision made for the benefit of a creditor and that the grantor has the right to contract with his purchaser as to whom, when and how the consideration for the land should be paid. Merriman v. Moore, 90 Pa. 78; Bay v. Williams, 112 Ill. 91; Enos v. Sanger, 96 Wis. 150; Marble Savings Bank v. Mesarvey, 101 Iowa, 285. Whether or not the grantor was liable is immaterial, as the purchase price of the land is the consideration moving between the purchasers and the grantor. Hare v. Murphy, 45 Neb. 809; McKay v. Ward, 20 Utah, 149; Enos v. Sanger, supra; Dean v. Walker, 107 Ill. 540; Merriman v. Moore, 90 Pa. 78; Bay v.

Williams, 112 Ill. 91; Crone v. Stinde, 156 Mo. 262; Harts v. Emery, 184 Ill. 566; Harberg v. Arnold, 78 Mo. App. 237; McGregor v. Bldg. Ass., 5 Neb. 563; 1 Jones Mortg. 5th Ed. 760; 3 Pom. Eq. Jur., § 1207; 1 Beach Modern Law of Contracts, 196 and note.

*Preston, Wagner & Tym,* for respondents.

A plaintiff in an action on contract must be the person from whom the consideration of the contract actually moved and a stranger to the consideration cannot sue on the contract. There must be a privity of contract between the plaintiff and defendant in order to render the defendant liable to an action by the plaintiff on the contract. Mellen v. Whipple, 1 Gray, 317; Crowell v. Hospital, 27 N. J. Eq. 650; Chung Kee v. Davidson, 15 Pac. 100. Where a grantee who assumes the mortgage derives his title from the grantor who did not assume it, there is no liability. The liability of a grantee who assumes the payment of a mortgage on land conveyed to him depends upon the personal liability of his immediate grantor. If the grantor is not so liable, the mortgagee (or his assignee) cannot claim any deficiency from such grantee. New England Trust Co. v. Nash, 46 Pac. 987; Morris v. Mix, 46 Pac. 58; Brown v. Stillman, 45 N. W. 2; Nelson v. Rogers, 49 N. W. 526; Jefferson v. Asch, 55 N. W. 604; Kramer v. Garden, 116 N. W. 925; Eakin v. Schultz, 47 Atl. 274; Williams v. Van Gieson, 79 N. Y. S. 95; Young Men's Christian Association v. Croft, 55 Pac. 439; Clement v. Willit, 117 N. W. 491; Trotter v. Hughes, 12 N. Y. 75.

WHITING, J. The sole question presented by this appeal is whether one holding a note secured by a mortgage upon real estate can recover upon such note against a party other than the mortgagor, where such party had taken a deed to said mortgaged premises, and in such deed had assumed such mortgage indebtedness, the grantor in such deed being in no manner bound to pay such mortgage indebtedness, and there being no evidence, other than such deed, to show an intent on the part of the grantor and grantee in such deed to contract for the benefit of the owner of the note and mortgage. The trial court held there could be no recovery.

Respondent contends that, disregarding the other question involved herein, appellant cannot recover because of a lack of privity of contract between appellant and respondent. It is true that, under what is known as the English rule and which is followed in several of the states, appellant would not be the proper party plaintiff, and it would be necessary that the action be brought in the name of the grantor in the deed; but there early arose in this country what is known as the American rule allowing the real party in interest to sue in his own name upon a contract made for his benefit. The so-called "Code" states have many or all adopted, many by statutory enactment, the American rule. This state adopted such rule by section 1193, Civil Code, which reads: "A contract, made expressly for the benefit of a third person, may be enforced by him at any time before the parties thereto rescind it."

Respondent further urges that this court has decided the other question involved herein in the case of Fish & Hunter Co. v. New England Homestake Co., 27 S. D. 221, 130 N. W. 841. It is true that we indorsed therein the rule laid down in Jefferson v. Asch, 53 Minn. 446, 55 N. W. 604, 25 L. R. A. 257, 39 Am. St. Rep. 618, to-wit: "Without undertaking to lay down a general rule defining when a stranger to a promise between others may sue to enforce it, we are prepared to say, where there is nothing but the promise, no consideration from such stranger, and no duty or obligation to him on the part of the promisee, he cannot sue upon it." An examination of the contract involved in the Fish & Hunter Co. Case reveals the fact that such contract was one solely between Godfrey and his co-owners for Godfrey's benefit, and in no manner contained any promise or covenant in favor of third parties, and was therefore not "expressly for the benefit of a third person."

Under all the authorities, such a contract gives to third parties no right of action. The Supreme Court of Wisconsin holds exactly contrary to the above Minnesota decision; yet the Wisconsin court, in a case involving a question similar to that arising upon the contract in the Fish & Hunter Co. Case, sustains this court

in its holding as to effect of such contract. Electric Appliance Co. v. U. S. Fidelity Co., 110 Wis. 434, 85 N. W. 648, 53 L. R. A. 609. Another opinion along the same line, the reasoning in which shows that this court was clearly right in its holding as to the effect of the contract in the Fish & Hunter Co. Case regardless of the exact question involved in the case at bar, is that of Parlin v. Hall, 2 N. D. 473, 52 N. W. 405. See, also, Thomas Mfg. Co. v. Prather, 65 Ark. 27, 44 S. W. 218. It is thus seen that the precise question now before us was not necessarily involved in the Fish & Hunter Co. Case, and we therefore approach the discussion of it as though we had made no reference to it in our opinion in such case.

Pomeroy at section 1207 of the third edition of his work on Equity Jurisprudence notes that the courts, holding that there can be no liability upon the part of the grantee where there was none on the part of the grantor, also hold that the liability, when any does exist, results only from an application of the doctrine of subrogation, and that, unless there was a liability or obligation on the part of the grantor so that, as between the grantor and grantee, the grantee became the principal debtor and the grantor but a surety, there would be nothing upon which the creditor could base a right of subrogation. Pomeroy also notes that the courts holding the grantee liable where the grantor was not liable base the right of recovery solely upon the · contract, taking the position that, where a contract is made for the benefit of one not a party thereto, he may treat the promise as though made to himself, and may sue in his own name thereon.

The federal Supreme Court has adopted the subrogation theory of liability, as appears by the following from the case of Keller v. Ashford, 133 U. S. 610, 10 Sup. Ct. 494, 33 L. Ed. 667: "The doctrine of the right of a creditor to the benefit of all securities given by the principal to the surety for the payment of the debt does not rest upon any liability of the principal to the creditor, or upon any peculiar relation of the surety towards the creditor, but upon the ground that the surety, being the creditor's debtor, and in fact occupying the relation of surety to another person, has received from that person an obligation or security

for the payment of the debt, which a court of equity will therefore compel to be applied to that purpose at the suit of the creditor. Where the person ultimately held liable is himself a debtor to the creditor, the relief awarded has no reference to that fact, but is grounded wholly on the right of the creditor to avail himself of the right of the surety against the principal. If the person who is admitted to be the creditor's debtor stands at the time of receiving the security in the relation of surety to the person from whom he receives it, it is quite immaterial whether that person is or ever has been a debtor of the principal creditor, or whether the relation of suretyship or the indemnity to the surety existed, or was known to the creditor, when the debt was contracted. In short, if one person agrees with another to be primarily liable for a debt due from that other to a third person, so that as between the parties to the agreement the first is the principal and the second the surety, the creditor of such surety is entitled in equity to be substituted in his place for the purpose of compelling such principal to pay the debt."

For a general discussion of this question and a review of the numberous authorities bearing upon the different phases thereof, we refer to the very exhaustive notes pages 176 to 207 of 71 Am. St. Rep. These notes call particular attention to the two elements required under the New York decisions in order that there may be a recovery: (1) There must be an intent to benefit the third party; and (2) the promisee must owe some obligation to the third party. It is very apparent that the decisions from those states which have adopted the English rule above referred to are of no authoritative value upon the question before us. Among these states seem to be Georgia, Massachusetts, Michigan, New Hampshire, North Carolina, Vermont, Virginia, and Wyoming. We therefore cite cases from those states only which recognize the American rule allowing suit by real party in interest.

Among the authorities supporting the New York rule and denying a right of recovery under the facts in this case are the following: King v. Whitely, 10 Paige (N. Y.) 465; Vrooman v. Turner, 69 N. Y. 280, 25 Am. Rep. 195; Matter of Wilber v. Warren, 104 N. Y. 192, 10 N. E. 263; Durnherr v. Rau, 135 N. Y.

219, 32 N. E. 49; Jefferson v. Asch, supra; Kramer v. Gardner, 104 Minn. 370, 116 N. W. 925, 22 L. R. A. (N. S.) 492; Clement v. Willett, 105 Minn. 267, 117 N. W. 491, 17 L. R. A. (N. S.) 1094, 127 Am. St. Rep. 562, 15 Ann. Cas. 1053; Morris v. Mix, 4 Kan. App. 654, 46 Pac. 58; New Eng. Trust Co. v. Nash, 5 Kan. App. 739, 46 Pac. 987; Crone v. Stinde, 156 Mo. 262, 55 S. W. 863, 56 S. W. 907; Y. M. C. A. v. Croft, 34 Or. 106, 55 Pac. 439, 75 Am. St. Rep. 568; Eakin v. Shultz, 61 N. J. Eq. 156, 47 Atl. 274; Ward v. De Oca, 120 Cal. 102, 52 Pac. 130. Supporting the other rule we find: Dean v. Walker, 107 Ill. 540, 47 Am. Rep. 474; Harts v. Emery, 184 Ill. 560, 56 N. E. 865; Birke v. Abbott, 103 Ind. 1, 1 N. E. 485, 53 Am. Rep. 474; Marble v. Mesarvey, 101 Iowa, 285, 70 N. W. 199; McGregor v. Easter B. & L. Assoc., 5 Neb. (Unof.) 563, 99 N. W. 509; Hare v. Murphy, 45 Neb. 809, 64 N. W. 211, 29 L. R. A. 851; Merriman v. Moore, 90 Pa. 78; Brewer v. Mauer, 38 Ohio St. 543, 43 Am. Rep. 436; McKay v. Ward, 20 Utah, 149, 57 Pac. 1024, 46 L. R. A. 623; Enos v. Sanger, 96 Wis. 150, 70 N. W. 1069, 37 L. R. A. 864, 65 Am. St. Rep. 38; Tweeddale v. Tweeddale, 116 Wis. 517, 93 N. W. 440, 61 L. R. A. 509, 96 Am. St. Rep. 1003; Fanning v. Murphy, 126 Wis. 538, 105 N. W. 1056, 4 L. R. A. (N. S.) 666, 110 Am. St. Rep. 946, 5 Ann. Cas. 435.

We would call particular attention to the Utah case owing to the very exhaustive dissenting opinion found therein. There are many other authorities which in principle support one or the other of the two theories mentioned herein, but we have confined our citations to those where the facts passed upon were the same as here, namely, where the grantee in a deed had assumed a mort-gage debt for which his grantor was not liable.

While we think it must be conceded that, in case the second element required under the New York decisions does exist, it may, from that fact, be presumed that the first element is also present, and therefore the party for whose benefit the contract is made be entitled, *under the subrogation theory,* to recover of the party who has rendered himself the principal debtor; yet it seems equally clear to us that, whenever two parties enter into an agreement that appears to have been made expressly for the benefit of

a third party, and such agreement has a good and sufficient consideration, the agreement itself creates all the privity there need be between the person for whose benefit the agreement was entered into and the party assuming the obligation, and *an action at law should lie* regardless of whether there was any obligation existing between the other party to the agreement and the third party. But, before the third party can adopt the agreement entered into and recover thereon, he must show clearly that it was entered into with the intent on the part of the parties thereto that such third party should be benefited thereby. This intent might, in a given case, sufficiently appear from the contract itself, but it must frequently be shown by other proof. While the cases sustaining a recovery have few, if any of them, expressly recognized the necessity of the existence of the first element (the intent to benefit the third party), yet an examination of the decisions will reveal the fact that such element was clearly established in nearly all such cases.

We concur heartily in the following words of Chief Justice Bartch of Utah in his dissenting opinion in McKay v. Ward: "My conclusion is that the rule which exempts a grantee, who has merely in a deed of conveyance assumed and agreed to pay the mortgage in case his immediate grantor is not personally liable for the payment of the mortgage debt, from liability to the mortgagee, or owner of the mortgage, is not only founded in reason and principle, but is sustained by an overwhelming weight of authority. I do not intend to hold, however, that the grantee of mortgaged premises, whose grantor is under no personal obligation to pay the mortgage debt, cannot render himself liable to the mortgagee for a deficiency judgment upon foreclosure and sale by accepting a deed containing an assumption clause with knowledge of such contents, and which clause contains apt words showing that the grantor intended to bestow a benefit upon the mortgagee. The rule cannot be thus extended; for doubtless a grantor may direct the payment of the purchase price as he chooses, and may, if he so wishes, contract with a grantee that the latter will pay a certain sum to a stranger, or a mortgagee, or any person upon whom the grantor chooses to confer a benefit, and in such cases the bene-

ficiary may enforce the contract. Where, however, as in the case at bar, the grantor is not personally liable, the assumption clause ought to be construed as a mere indemnity to the grantor, unless there is something to show a different intention by the contracting parties. In this case there appears to be nothing which indicates any other intention, on the part of the grantor, than that of indemnity to himself. There are no words in the deed, nor any evidence of facts or circumstances, which indicate that the grantor had any interest in protecting the mortgagee, to whom he was under no personal obligation. Doubtless, in general, the greatest interest a grantor has is in effecting a sale of the premises, and it cannot be assumed that he would hazard the chances of such a sale by insisting on that which would not benefit him. The circumstances of this case disclose no intention to benefit the mortgagee, and therefore he is not entitled to a deficiency judgment against the promisor; the assumption in the deed being intended merely to indemnify the promisee. If the intention of the contracting parties had been otherwise, the respondent could easily have shown it by placing the vendor, McDonald, upon the stand, and interrogating him upon the subject. This he failed to do, although, under the great weight of authority, the burden was upon him to show that the contract was intended for his benefit, or that the vendor was under some legal obligation to him respecting the debt. The respondent not having done this, why should the appellate court assume that as a fact of which there is no proof?"

We think also that the very terms of our statute determine this question in favor of respondent. Recovery can only be had in case the contract was "made expressly for the benefit of a third person." The state of California has identically the same statute, and in Chung Kee v. Davidson, 73 Cal. 522, 15 Pac. 100, the Supreme Court of that state said: "It is not necessary that the parties for whose benefit the contract has been made should be named in the contract. It must appear, however, by the direct terms of the contract, that it was made for the benefit of such parties. It cannot be implied from the fact that the contract would, if carried out between the parties to it, operate incidentally

to their benefit." See, also, Biddel v. Brizzolara, 64 Cal. 354, 30 Pac. 609.

From both reason and authority we conclude: That inasmuch as the provision in the deed before us merely provided that the grantee assumed the mortgage debt, and there being no other evidence of the intent of the parties to such deed, we should construe such provision as a mere agreement or contract to indemnify the grantor, and therefore insufficient as the basis of an action founded upon the doctrine of subrogation—there being no obligation on part of grantor to the third person—and also insufficient, as the basis of an action under section 1193, Civil Code, it not appearing that the said agreement or contract was entered into "expressly for the benefit of a (the) third person."

The judgment of the trial court is affirmed.