TITLE GUARANTY & TRUST CO. *v.* HERBERT BUSHNELL *et al.*

(*Knoxville.* September Term, 1920.)

1. **MORTGAGES.** Bill held to plead grantee's assumption of mortgage debt.

In action on notes secured by mortgage, bill pleading deed reciting that the property was sold to grantee for a specified price, of which a specified amount was paid by the "assumption by the grantee herein of the first lien upon said real estate," and alleging that such grantee "assumed and agreed to pay" the mortgage debt, *held* to plead that the grantee assumed the payment of the mortgage debt, and not merely that he purchased the land subject to the mortgage lien without assumption of payment. (*Post,* *pp.* 688, 689.)

2. **PLEADING.** Allegations of bill taken as true on demurrer.

Allegations of bill must be taken as true on demurrer. (*Post, p.* 689.)

3. **PLEADING.** Reasonable presumptions indulged in favor of bill on demurrer.

Every reasonable presumption must be indulged in favor of the bill when opposed by a demurrer. (*Post, p.* 689.)

Cases cited and approved: Alexander v. Elkins, 132 Tenn., 663; Adams v. Chattanooga Co., 128 Tenn., 505; Green v. Knoxville Banking Co., 133 Tenn., 609.

4. **CONTRACTS.** Beneficiary of contract, though not party thereto, may sue in own name.

The beneficiary, though not a party to the contract, may maintain an action directly in his own name against the promisor, where such promise between the promisor and promisee is made upon sufficient consideration for the benefit of the third party. (*Post,* *pp.* 690, 693.)

Cases cited and approved. Ruohs v. Insurance Co., 111 Tenn., 429; County v. Railroad, 82 Tenn., 525; McCarty v. Blevins, 13 Tenn., 196; Moore & Miller v. Stovall, 70 Tenn., 543; O'Conner v. O'Conner, 88 Tenn., 76; King v. Whitely, 10 Paige (N. Y.), 465; Trotter v. Hughes, 12 N. Y., 74; Thayer v. Marsh, 75 N. Y,, 340; Carter v. Holahan, 92 N. Y., 499; Wilbur v. Warren, 104 N. Y., 192; Mount v. Van Ness, 33 N. J. Eq., 262; Biddle v. Pugh, 59 N. J. Eq., 104; Ward v. DeOca, 120 Cal., 102; Brown v. Stillman, 43 Minn., 126; Clement v. Willett, 105 Minn., 267; Morris v. Mix, 4 Kan. App., 654; New England Trust Co. v. Nash, 5 Kan. App., 739; Young Men's Christial Association v. Croft, 34 Or., 106; Crone v. Stinde, 156 Mo., 266; Birke v. Abbott, 103 Ind., 1; Hare v. Murphy, 45 Neb,., 809; Cobb v. Fishel, 15 Colo. App., 384; Bank v. Mesarvey, 101 Iowa, 285; Merriman v. Moore, 90 Pa., 78; Enos v. Sanger, 96 Wis., 150; Dean v. Walker, 107 Ill., 540; McDonald v. Finseth, 32 N. D., 400; McKay v. Ward, 20 Utah, 149; Little v. Thoman, 4 Ohio Dec. 513.

5. **MORTGAGES.** Grantee liable on agreement to assume mortgage debt, though grantor not personally liable.

The grantee is bound by agreement to assume payment of mortgage debt on property conveyed in lieu of the purchase price, though grantor was not personally liable; the transfer of the land to grantee and the fact that the mortgage debt was deducted from purchase price being sufficient consideration for the promise to assume payment of debt. (*Post, p.* 693.)

## FROM HAMILTON.

Appeal from the Chancery Court of Hamilton County. —HON. W. B. GARVIN, Chancellor.

J. M. TRIMBLE and F. L. MARTIN, for appellants.

SIZER, CHAMBLISS & CHAMBLISS, for appellees.

MR. JUSTICE HALL delivered the opinion of the Court.

This bill was filed by complainant against the defendants, Herbert Bushnell, Citizens' National Bank, and Garnett Andrews, seeking a decree against the defendants Bushnell and Citizens' National Bank on a certain note for $2,200, executed by G. H. Allen and wife, Mary E. Allen, to one Fred Robinson, which note, the bill alleged, was owned by the complainant. Andrews was made a party defendant to the bill for the purpose of enjoining him from paying out or disbursing certain funds which, the bill alleged, belonged to the defendant Bushnell, and which Bushnell held as trustee under some sort of trust conveyance or power of attorney.

The bill alleged that on May 13, 1912, G. H. Allen and wife executed a note, payable to Fred Robinson, for the sum of $2,200, to secure the payment of which they executed a mortgage on certain real estate described in the bill; that said note was transferred to complainant by Robinson for a valuable consideration after its maturity, and that it was the owner of the same; that on May 12, 1912, the day before the execution of the note and mortgage above referred to, Allen and wife conveyed the lot covered by said mortgage to George S. McCarty and wife, the consideration for said conveyance being an exchange of property and the assumption of the mortgage debt of $2,200 owing by the vendors to Robinson; that on June 19, 1912, McCarty and wife conveyed the same property to E. Y. Chapin, trustee, to secure an indebtedness of $2,500; and on December 31, 1913, McCarty and wife conveyed said property to R. T. Wright, trustee, the conveyance re-

citing that it was expressly subject to the two preceding deeds of trust hereinbefore referred to.

It was further alleged that, default having been made in the payment of the indebtedness secured by the deed of trust to Chapin, the property was sold at a trustee's sale on December 5, 1914, and was bid in by the defendant Herbert Bushnell, as trustee, to whom a conveyance was made by E. Y. Chapin, trustee, under said deed of trust; that this deed of trust from Chapin, trustee, to Bushnell, trustee, recites the execution of the note and deed of trust to Chapin, and that default had been made in the payment of the indebtedness secured, and that the trustee had thereupon advertised the property for sale as required by the terms of said deed of trust; and that, at said sale, notice was given of the prior mortgage given to secure the $2,200 note sued on, and that the interest thereon up to the date of said foreclosure sale amounted to $74.81; that it was also announced at said sale that the equity of the owners in said real estate, after the satisfaction of the two mortgages above mentioned, had been conveyed to R. T. Wright, trustee, who claimed the right to receive any surplus of the proceeds of said sale "above that necessary to cancel said first and second encumbrances above recited;" and further recited that Herbert Bushnell, trustee, was the highest and best bidder at said foreclosure sale, and that the property was bid in by him for the sum of $5,000, of which sum, $2,274.81 were paid by the assumption by the grantee of the first lien upon said real estate, and that the remainder of the $5,000 was paid to the trustee in cash,

and was applied by him to the payment of the indebtedness due under the second mortgage or deed of trust, interest, costs, and certain paving assessments against the property, and the balance, after satisfying the second mortgage debt, being the sum of $378.54, was paid to R. T. Wright, trustee, in accordance with the conveyance to him by the said George S. McCarty and wife; and that, in consideration of said recitals, the said E. Y. Chapin, as trustee under said deed of trust, conveyed the property described therein to the said Herbert Bushnell, trustee, reciting that the said Chapin, as trustee, transferred to the said Bushnell, as trustee, "all the covenants of warranty and seizen made to him as trustee in the deed of trust above recited, but making this conveyance as trustee under the recitals of said deed of trust and not otherwise."

The deed from Chapin, trustee, to Bushnell, trustee, is filed as Exhibit B to the bill,—and is made a part thereof.

The bill further alleges that on September 22, 1915, the said Herbert Bushnell, as trustee, conveyed said property to W. F. Bowling, reciting a consideration of $1 and other good and valuable considerations; that in this deed the said Bushnell, as trustee, transferred to the said Bowling "all the covenants of warranty and seizen made to him as trustee in a certain deed of trust of E. Y. Chapin, trustee, dated December 5, 1914;" that the defendant Citizens' National Bank joined in the execution of the deed from Bushnell, trustee, to W. F. Bowling, which, the bill alleges, contained the following recital:

"The Citizens' National Bank hereby joins in this deed (the deed above recited having been made to the said Herbert Bushnell, trustee, for the use and benfit of the Citizens' National Bank, and the said Citizens' National Bank being the sole beneficiary under said trust) and acknowledges that it has received full consideration for this conveyance from said trustee and hereby conveys to the said W. F. Bowling all of its interest, legal or equitable in and to the real estate above described; but the said Herbert Bushnell conveys as trustee only and not otherwise."

The bill further alleged that by virtue of the recitals in the conveyance from E. Y. Chapin, trustee, to Herbert Bushnell, trustee, and the recitals in the deed from Herbert Bushnell and the Citizens' National Bank to W. F. Bowling, the said Bushnell and the bank are jointly and severally liable for the payment of the note secured by the first mortgage on said property, having expressly assumed the payment of same, and the bill prays for a decree against them accordingly.

To this bill the defendants Bushnell and Citizens' National Bank first filed a motion to require the complainant to elect whether it would maintain its suit against Bushnell personally, or against the bank as his principal.

This motion was overruled by the chancellor without prejudice to the right of the defendants to renew the same later.

Thereupon the defendants filed a demurrer to the bill upon various grounds, all of which were overruled except

the third, which was to the effect that the facts alleged in the bill showed that there was no consideration to support any assumption of liability by either Bushnell, trustee, or the bank for the first mortgage debt on said property. This ground of the demurrer was sustained by the chancellor, and complainant's bill was dismissed. From this decree it has appealed to this court, and has assigned the action of the chancellor for error.

It appears from the opinion of the chancellor, which is made a part of the record, that he sustained the third ground of defendants' demurrer on the ground that it appeared from the bill and the recitals in the deed filed as Exhibit B thereto, that the assumption by the defendant Bushnell, trustee, was not made for the benefit of complainant, but was only a mode of stating that Bushnell purchased the property at the price of $2,725.19, incumbered with the prior mortgage lien of $2,274.81, and took the property subject to that lien.

We do not think this conclusion was warranted by either the recitals in deed exhibit "B," or by the allegations of the bill. In the deed it is expressly recited that the property was sold to the defendant Bushnell, trustee, "for the price of five thousand ($5,000) dollars, of which $2,274.81 were paid by the assumption by the grantee herein of the first lien upon said real estate; and $2,725.19 were paid in cash," etc.

The bill contains the following allegation:

"Complainant would now show unto your honor that as part of the consideration due to be paid by him for the

above-described property at the time it was sold to him by E. Y. Chapin, trustee, defendant Bushnell assumed and agreed to pay the debt evidenced by the note Exhibit A thereto. Said assumption and agreement are evidenced by the recital in the trust deed Exhibit B which was assented and agreed to by the said Bushnell holding thereunder and accepting the title conveyed to him by said deed."

On demurrer the allegations of the bill must be taken as true (*Alexander v. Elkins*, 132 Tenn., 663, 179 S. W., 310, L. R. A. 1916C, 261), and every reasonable presumption must be indulged in favor of the bill when opposed by a demurrer (*Adams v. Chattanooga Co.*, 128 Tenn., 505, 161 S. W., 1131; *Green v. Knoxville Banking Co.*, 133 Tenn., 609, 182 S. W., 244).

We think the bill under consideration clearly showed that there had been an assumption of the first mortgage debt by Bushnell, trustee, and the holding of the chancellor that it did not so show, but showed that Bushnell purchased the property subject to the first mortgage lien, was error.

But it is said on behalf of the defendants that no liability arose in favor of the complainant against either Bushnell or the bank by reason of the assumption by Bushnell, trustee, of the first mortgage debt, because Chapin, trustee, who was his vendor, was not personally liable for said debt, and the assumption was therefore without consideration. This presents a question that has not heretofore been passed on by this court.

The doctrine is firmly established in this State, however, that the beneficiary, though not a party to the contract, may maintain an action directly in his own name against the promisor where such promise between the promisor and promisee is made upon sufficient consideration for the benefit of the third party. *Ruohs* v. *Insurance Co.*, 111 Tenn., 429, 78 S. W., 85, 102 Am. St. Rep., 790; *County* v. *Railroad*, 14 Lea, 525; *McCarty* v. *Blevins*, 5 Yerg., 196, 26 Am. Dec., 262; *Moore & Miller* v. *Stovall*, 2 Lea, 543; *O'Conner* v. *O'Conner*, 88 Tenn., 76, 12 S. W., 447, L. R. A., 33.

We also have cases holding that where a grantee of mortgaged premises assumes the mortgage debt, such grantee thereby renders himself personally liable for the debt, not only to his grantor, but also to the mortgagee. *Moore & Miller* v. *Stovall, supra, O'Conner* v. *O'Conner, supra*. It appears, however, that in these cases the grantor was personally liable for the debt which his grantee assumed. We know of no case in this State, and we have not been cited to any by counsel, in which the question of the liability of a grantee, who has assumed a mortgage debt on property conveyed to him, for which his grantor was not personally liable, has been passed upon or discussed. This question has been passed upon, however, in a number of jurisdictions, but the decisions are in conflict. Some of the cases give the mortgage the benefit of such grantee's promise to pay the mortgage, without regard to the liability of his predecessor in title; but in other cases it is maintained that a contract to assume the

143 Tenn.—44

mortgage is primarily one of indemnity to the grantor, and that if the grantor were not personally liable, so that there is nothing to indemnify him against, there can be no benefit accruing to the mortgagee from such promise. Cyc., vol. 27, p. 1355.

In those cases which refer the liability of the grantee to the doctrine that the promise is a collateral security which, by subrogation, inures to the benefit of the mortgagee, the promise is held to render the grantee the principal and the grantor the surety for the debt; the promise being to indemnify the latter in case he has to pay the debt. It necessarily follows that where this theory prevails, if the grantor is not himself liable, no liability can attach to the grantee, and it is so held in a number of cases. This rule prevails in New York. *King* v. *Whitely,* 10 Paige (N. Y.), 465; *Trotter* v. *Hughes,* 12 N. Y., 74, 62 Am. Dec., 139; *Thayer* v. *Marsh,* 75 N. Y., 340; *Carter* v. *Holahan,* 92 N. Y., 499; *Wilbur* v. *Warren,* 104 N. Y., 192, 10 N. E., 263.

The same rule prevails in New Jersey, and is so stated in *Mount* v. *Van Ness,* 33 N. J. Eq., 262; *Biddle* v. *Pugh,* 59 N. J. Eq., 480, 45 Atl., 626; and other New Jersey cases:

To the same effect is the rule stated in California. *Ward* v. *De Oca,* 120 Cal., 102, 52 Pac., 130. And in Minnesota. *Brown* v. *Stillman,* 43 Minn., 126, 45 N. W., 2, and *Clement* v. *Willett,* 105 Minn., 267, 117 N. W., 491, 17 L. R. A. (N. S.), 1094, 127 Am. St. Rep., 562, 15 Ann. Cas., 1053. And in Kansas. *Morris* v. *Mix,* 4 Kan. App., 654, 46 Pac., 58, and *New England Trust Co.* v. *Nash,* 5 Kan.

App., 739, 46 Pac., 987. And in Oregon. *Young Men's Christian Association* v. *Croft,* 34 Or., 106, 55 Pac., 439, 75 Am. St. Rep., 568.

In those cases in which the liability of the grantee is referred to the broad principle that a promise of one person to another for the benefit of a third person may be enforced by the latter, it is generally held that the fact that the grantor is not himself liable is immaterial, and does not relieve the promisee from liability upon his contract of assumption. This rule is announced in *Crone* v. *Stinde,* 156 Mo., 266, 55 S. W., 863, 56 S. W., 907; and in *Birke* v. *Abbott,* 103 Ind., 1, 1 N. E., 485, 53 Am. Rep., 474; and *Hare* v. *Murphy,* 45 Neb., 809, 64 N. W., 211, 29 L. R. A., 851; *Cobb* v. *Fishel,* 15 Colo. App., 384, 62 Pac., 625; *Bank* v. *Mesarvey,* 101 Iowa, 285, 70 N. W., 198; *Merriman* v. *Moore,* 90 Pa., 78; *Enos* v. *Sanger,* 96 Wis., 150, 70 N. W., 1069, 37 L. R. A., 862, 65 Am. St. Rep., 38; *Dean* v. *Walker,* 107 Ill., 540, 47 Am. Rep., 467; *McDonald* v. *Finseth,* 32 N. D., 400, 155 N. W., 863, L. R. A. 1916D, 149; *McKay* v. *Ward,* 20 Utah, 149, 57 Pac., 1024, 46 L. R. A., 623; *Little* v. *Thoman,* 4 Ohio Dec. (Reprint), 513.

In these cases it is held that the price of the land is a sufficient consideration for the agreement to pay the mortgage debt, and the vendor may rightfully direct how, when, and to whom the purchase price of the land may be paid, and where a party purchaser of land agrees, as a part of the contract of purchase, to assume and pay a mortgage debt existing against the land, the promise so to do is for the benefit of the owner and holder of the debt, and may be enforced by such party.

If we adopt the rule announced in the first line of cases cited, it is clear that the chancellor's decree sustaining the third ground of the defendants' demurrer must be affirmed; for, although it is clear from the allegations of the bill and its Exhibit B that Bushnell, as trustee, assumed and agreed to pay the first mortgage debt against the property, according to the rule announced in those cases there would be no privity of contract between the complainant (holder of the first mortgage debt) and the defendant Bushnell. We believe, however, that the line of cases last cited announce the better and more reasonable rule. The cases relied on by defendants seem to ignore the well-established rule of law that when one makes a promise to another for the benefit of a third person, such third person can maintain an action on the promise even though the consideration does not run directly from him. We think the transfer of the land to Bushnell, and the fact that the mortgage debt was deducted from his bid, afforded sufficient consideration for the promise. According to the bill, Bushnell retained $2,274.81 of the amount bid for the property, for the purpose of paying the first mortgage debt pursuant to his promise.

It results that the decree of the chancellor will be reversed, and the cause will be remanded to the court below for further proceedings not inconsistent with this opinion.

The defendants are taxed with the costs of the appeal.